UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In Re:

**CHANA TAUB,**

                                       Chapter 11
                                       Case No. 08-44210 (ESS)
                     Debtor.

------------------------------------------------------------x

**CHANA TAUB,**

                     Plaintiff,

      -against-                                   Adv. Pro. No.

**SIMON TAUB**,

                     Defendant.

------------------------------------------------------------x

## **COMPLAINT**

       Plaintiff, Chana Taub, the debtor and debtor-in-possession ("Plaintiff" or the "Debtor"), by her proposed substitute counsel, The Law Offices of Joel Shafferman, LLC, as and for its complaint respectively alleges as follows:

## JURISDICTION AND VENUE

1.  The Debtor brings this adversary proceeding pursuant to sections 105(a) and 542(a) of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 7001 and 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking judgment:

(a) Restraining and enjoining Defendant Simon Taub ("Defendant") and his agents, or anyone acting in concert with him, directly or indirectly, jointly and severally, from collecting rents for the Debtor's properties known as and located at 4819-14th Avenue, Brooklyn, New York (the "14th Avenue Property"), 1259 – 52nd Street, Brooklyn, New York (the "52nd Street Property") and 85 Forshay Road, Monsey, New York (the "Monsey Property");

(b) Restraining Defendant from intimidating and harassing the Debtor's tenants at the 14th Avenue Property, 52nd Street Property and Monsey Property so as to force them to pay him the rent;

(c) Directing the Debtor and her agents, or anyone acting in concert with her, directly or indirectly, jointly and severally, to collect the rents generated by the 14th Avenue Property, 52nd Street Property and Monsey Property due in August, 2008 and thereafter;

(d) Compelling and ordering Defendant to either immediately vacate the apartment he is currently occupying in the 14th Avenue Property or pay the Debtor a fair market rent, in the amount of $2,000.00 per month, on the 1st of each month, and retroactive to at least June 2007;

(e) Compelling and ordering Defendant to return to the Debtor any and all

rents he has collected from the 14th Avenue Property, 52nd Street Property and Monsey Property from June 2005 up to and including the present date;

(f) Compelling and ordering Defendant to provide a full accounting for all funds received and disbursed during the time he allegedly managed the 14th Avenue Property, 52nd Street Property and Monsey Property from June 2005 up to and including the present date, and

(g) Granting the Debtor such other and further relief as this Court may deem just and proper.

2. Section 105 of the Bankruptcy Code provides that the Bankruptcy Court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code.

3. Bankruptcy Rule 7065 authorizes the Bankruptcy Court to issue injunctions in adversary proceedings by incorporating Rule 65 of the F.R.Civ.P. into the Bankruptcy Rules except to the extent that Rule 7065 specifically exempts a debtor, trustee or debtor-in-possession from compliance with Rule 65(c) of F.R.Civ.P.

4. This Court has jurisdiction over this adversary proceeding, pursuant to 28 U.S.C. §1334(b) as a civil proceeding arising under and arising in the Debtor's Chapter 11 case.

5. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).

6. Venue is proper in this district pursuant to 28 U.S.C. §1409(a) as a proceeding arising under and arising in a case under title 11 of the United States Code, presently

pending in this Court.

## PARTIES

7. The Debtor is an individual who resides at 1405-49th Street, Brooklyn, New York 11219.

8. The Defendant is an individual who resides at 1405-49th Street, Brooklyn, New York 11219.

9 The Debtor and the Defendant are currently married, but are parties to an acrimonious divorce proceeding.

## BACKGROUND

**The Debtor's Real Property**

10. The Debtor owns three (3) parcels of rent generating residential real property, two (2) in her own name and one (1) jointly with the Defendant. The Debtor also has an equitable marital interest in the following three (3) rent generating parcels of commercial and residential real property held solely in the name the Defendant: (i) 10 Grand Avenue, Brooklyn, New York, 8 Grand Avenue, Brooklyn, New York and 23-27 Grand Avenue, Brooklyn, New York (the "Grand Avenue Properties"). The Grand Avenue Properties are currently not the subject of this adversary proceeding, but are the subject of the matrimonial action pending in the State Court, and are the property of the Debtor's estate since she has an equitable interest in these properties and, in the past, the rent generated by the Grand Avenue Properties paid some of Debtor's expenses.

**The 14th Avenue Property**

11. The Debtor is the sole owner of the 14th Avenue Property which contains three (3) residential apartments.

12. The Debtor acquired the 14th Avenue Property on December 2, 1997.

13. Federal National Mortgage Assoc. c/o Cenlar FSB holds a mortgage on the 14th Avenue Property, in the amount of $171,000 (the "Cenlar Mortgage"). The monthly mortgage payment required under the Cenlar Mortgage is $2,933.07.

14. The monthly income generated from rents at the 14th Avenue Property is $5000.

**The 52nd Street Property**

15. The Debtor is the sole owner of the 52nd Street Property which contains six (6) residential apartments. There is no mortgage on the 52nd Street Property.

16. The Debtor acquired the 52nd Street Property on July 24, 1997.

17. The monthly income generated from rents at the 52nd Street Property is $5000.

**The Monsey Property**

18. The Debtor owns the Monsey Property, which is a summer residential house, jointly as tenants by the entirety with the Defendant.

19. The Debtor acquired the Monsey Property on July 8, 1997.

20. Wells Fargo Bank, N.A. holds a mortgage on the Monsey Property, in the

amount of $250,000 (the "Wells Fargo Mortgage"). The monthly mortgage payment required under the Wells Fargo Mortgage is $2,974.18.

21. The monthly income generated from rents at the Monsey Property is $1850.

**The 49th Street Property**

22. The Debtor is the sole owner of the real property known as and located 1405 49th Street, Brooklyn, New York ( the "49th Street Property"), which is a single family residential property[1].

23. The Debtor acquired the 49th Street Property on December 1, 1993.

24. America's Servicing Co. holds a mortgage on the 49th Street Propety, in the amount of $650,000 (the "America's Servicing Co. Mortgage"). The monthly mortgage payments required under the America's Servicing Co. is $5,019.19.

25. There is no rental income generated from the 49th Street Property.

**Significant Pre-Petition State Court Actions**

26. There is currently pending in the Supreme Court of the State of New York, Kings County (Demarest, J.) a second action for divorce, which was commenced by the Debtor on May 8, 2007. In June, 2005 the Debtor had previously commenced a first divorce action (the "First Divorce Action"), which was dismissed on May 1, 2007 based upon a jury finding that grounds had not been proven.

---

[1] On or around July 31, 2007 the Defendant commenced an action against the Debtor and First Meridian Mortgage LLC, the original holder of a mortgage on the 49th Street Property, alleging that the mortgage be cancelled since the Debtor allegedly improperly obtained the mortgage on the 49th Street Property and improperly used the proceeds of that mortgage. The Debtor filed an answer to this complaint and the matter has remained relatively inactive.

27. The Debtor commenced a second divorce action immediately after dismissal of the first divorce action (the "Second Divorce Action"). At a hearing held on March 7, 2008 in the Second Divorce Action, the Court determined that the debtor established grounds for divorce.

28. During the pendency of the First Divorce Action, on or around February 21, 2006, Pnina Kaufman on behalf of Moshe Taub, the Defendant's father, <u>commenced an action entitled Moshe Taub, by Pnina Kaufman and Mark Terkeltaub, his Attorneys in Fact, Cirl Hirsch, Pnina Kaufman, Yaffa Bochner, Malka Marcus, Etty Grunfeld, and Mark Terkeltaub against Simon Taub, Chana Taub and 10 Grand Avenue, LLC</u> in the Supreme Court of the State of New York, Kings County (the "Constructive Trust Action") seeking the imposition of a constructive trust over the 14th Avenue Property, the 52nd Street Property, the Monsey Property, the 49th Street Property and the Grand Avenue Properties.

29. In the Constructive Trust Action, the plaintiffs claim that Moshe Taub conveyed the subject properties to his son, Simon Taub, and his daughter-in-law Chana Taub, some jointly, some to each individually in their own names, in reliance on promises purportedly made by Defendant and the Debtor that they would reconvey such properties to Moshe Taub on his request. Additionally, the plaintiffs in the Constructive Trust Action claim that the Debtor has refused Moshe Taub's requests reconvey to him the 14th Avenue Property, 52nd Street Property, the Monsey Property and the "49th Street Property.

30. The Debtor filed an answer denying the allegations in the complaint filed

in the Constructive Trust Action.

31. The Defendant orchestrated the commenced of the Constructive Trust Action as a pretext to thwart the Debtor's right and ability to collect rents generated by the 14th Avenue Property, 52nd Street Property, the Monsey Property and the 49th Street Property, while enabling the Defendant to continue to collect the monthly rents, generated by the Grand Avenue Properties, in the collective amount of over $194, 000 a month.

32. The Defendant also orchestrated the commencement of the Constructive Trust Action in retaliation for the Debtor's starting the First Divorce Action and to deprive the Debtor of equitable distribution rights as to the properties which are the subject of the Constructive Trust Action.

33. The fact that the Defendant is the master behind the commencement of the Constructive Trust Action, which was devised to be a litigation tactic to frustrate the Debtor's ability to collect rents generated by her properties is evidenced by the fact that: (i) the Constructive Trust Action has been languishing in the state court for almost two and half years (2 ½) years without the matter having been tried; (ii)on May 9, 2007 the Defendant filed, and then on August 1, 2007 then withdrew, a frivolous motion seeking to "realign the parties" to change his status in the action from being a defendant to being a plaintiff, and (iii) in April, 2008 the plaintiffs has filed a motion seeking to withdraw all of the claims in the Constructive Action against Simon Taub and his entity, 10 Grand Avenue, LLC, without prejudice to recommencing the action in the event that the court in the Second Divorce Action issues an order allocating the subject properties to the Debtor, and requesting that the Constructive Trust Action continue with

respect to the purported claims against the Debtor concerning the 52nd Street Property.

**The Defendant's Interference with the
The Debtor's Collection of Rents Generated
From the 14th Avenue Property, the 52nd
Street Property and the Monsey Property**

34. Subsequent to acquiring the 14th Avenue Property, the 52nd Street Property and the Monsey Property (collectively, the "Rent Generating Properties") the Debtor managed these properties, collected the rents and paid the expenses.

35. Based upon the Defendant's affirmation that he would pay all expenses of the Rent Generating Properties and keep them in good order, the Debtor allowed the Defendant to manage the Rent Generating Properties. The Defendant violated his promises to the Debtor and was woefully inept and greedy with respect to these Rent Generating Properties.

36. The Defendant was collecting over two million dollars annually from the rents generated by the Grand Avenue Properties and paying all expenses to keep them viable, while at the same time the Defendant collected and pocketed the rents generated from the Rent Generating Properties. The Defendant deliberately failed to pay the expenses associated with the Rent Generating Properties, including taxes and mortgages, in order to force the Rent Generating Properties into foreclosure and disrepair. As a result of the Defendant's waste and malfeasance, the Debtor made numerous demands on the Defendant to cease collecting rent, to permit her to collect rents and to advise the tenants at the Rent Generating Properties to remit rental payments to her.

37. Since the Defendant refused to permit the Debtor to resume collecting rents at the Rent Generating Properties, the issues involving the Defendant's improper rent

collection and his failure to pay expenses were raised in the Second Divorce Action.

38. On June 1, 2007, the Court in the Second Divorce Action issued an order providing that the Debtor be allowed to collect rents and manage the 14th Avenue Property and the 52nd Street Property (the "June 1, 2007 Order"). In the June 1, 2007 Order, the Defendant was restrained from interfering with the Debtor's rent collections or management of these properties.

39. The June 1, 2007 Order did not address rent collections with respect to the Monsey Property.

40. The Defendant immediately violated the June 1, 2007 Order by convincing seven (7) out of the nine (9) tenants at the 14th Avenue Property and the 52nd Street Property not to pay the Debtor the rent that she was authorized to collect. Instead, these tenants paid rents to the Defendant.

41. Not only did the Defendant interfere with and sabotage the Debtor's ability to collect rents and manage the 14th Avenue and the 52nd Street Properties, but he deliberately failed to pay his old bills from the previous months when he was collecting rents. Therefore, when the Debtor took over the management of the 14th Avenue and the 52nd Street Properties in June '07, she was barraged with disconnect notices and mortgage default notices based upon old bills which the Defendant failed to pay.

42. On October 30, 2007, the Court in the Second Divorce Action vacated its June 1, 2007 Order, stating that it would defer to Justice Knipel, who is presiding over this Constructive Trust Action, from issuing any decisions regarding the 14th Avenue and the 52nd

Street Properties.

43. Nothing in the vacatur of the June 1, 2007 Order constituted a determination that the Debtor should be prohibited from collecting rents with respect ot any of her properties. Nonetheless, the Defendant seized upon this order as an additional opportunity and excuse to once again loot the 14th Avenue and the 52nd Street Properties by keeping all the income for himself, while not paying any outstanding bills, and mortgage arrears and real estate taxes.

**The Defendant's Occupancy of an Apartment at
the 14 Avenue Property Without Paying Rent**

44. The Defendant's legal residence is the 49th Street Property.

45. Nonetheless, since September, 2005 the Defendant has been occupying an apartment at the 14th Avenue Property without paying the Debtor any rent. The fair market rental value for the apartment occupied by the Defendant at the 14th Avenue Property is $2,000 a month.

**The Commencement of Actions to Foreclose
the Mortgages Held on the 49th Street, 14th Avenue
and Monsey Properties**

47. As result of the Defendant's interference with the Debtor's right to collect rents and failure to pay expenses, including mortgage payments, the respective mortgagees have commenced actions against the Debtor to foreclose the mortgages on the 49th Street, 14th Avenue and Monsey Properties.

**The Debtor's Commencement of Her**
**Chapter 11 Case**

48. In order to prevent the loss of the 49th Street, 14th Avenue and Monsey Properties to foreclosure, on July 1, 2008 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), and has continued in the attempted operation and management of her property as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

49. No Committee of Unsecured Creditors has been appointed in this case.

.

**AS AND FOR A FIRST CAUSE OF**
**ACTION AGAINST THE DEFENDANT**

11 U.S.C. §105; Bankruptcy Rules 7001,
7065 and F.R.Civ.P. Rule 65)

50. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 49 of this Complaint with the same force and effect as if more fully set forth at length herein.

51. Section 105(a) of the Bankruptcy Code empowers this Court, in the exercise of its equitable powers, to fashion relief that is necessary or appropriate to carry out the provisions of the Bankruptcy Code.

52. The ability of the Debtor to collect the rental icnome the generated by the 14th Avenue, 52nd Street and Monsey Properties is vital to the success of the Debtor's

reorganization as well as the formulation of a plan of reorganization. Without being able to collect rents, the Debtor will be unable to pay her expenses and make adequate protection payments to the holders of mortgages on the 14th Avenue 52nd Street and Monsey Properties, if required to by order of this Court or by stipulation of the parties.

53. The Defendant will not be irreparably harmed by the issuance of an injunction restraining the Defendant from collecting rents at the 14th Avenue, 52nd Street and Monsey Properties and restraining Defendant from intimidating and harassing the Debtor's tenants at the 14th Avenue Property, 52nd Street Property and Monsey Property. The Defendant has no right to collect rents from the 14th Avenue and 52nd Street Properties because they are held solely by the Debtor. The Debtor also has a one half interest in the Monsey Property. Therefore, the Rent Generating Properties are all "property of the estate", within the meaning of section 541(a) of the Bankruptcy Code.

54. The Debtor has previously collected the rent generated by the Rent Generating Properties and the Defendant has without any legal or equitable basis, been collecting rents at the Rent Generating Properties.

55. The Debtor's collecting rents at the 14th Avenue, 52nd Street and Monsey Properties will not negatively impact upon his economic condition since he is a wealthy man and the Grand Street Properties to which he holds title generated rent, in the collective amount of $194,000 per month.

56. The Debtor will also be harmed if an order is not entered compelling the Defendant to either immediately vacate the apartment he is currently occupying in the 14th Avenue Property or pay the Debtor a fair market rent, in the amount of $2,000.00, per month, on

the 1st of each month, and retroactive to at least June 2007, which amount totals $24,000. The Defendant has been living in this apartment since September, 2005. The minimum amount of rental due and owing for the past year, in the amount of $24,000, would greatly benefit the Debtor's ability to reorganize. In contrast, it is fair and equitable for the Defendant to be required to pay, retroactively, fair market rent for an apartment that he has used and enjoyed. Additionally, for the reasons described in paragraph 55, <u>supra</u>, the Defendant will not suffer any economic hardship from paying the Debtor $24,000 for the use and enjoyment of this apartment.

57. Therefore, the harm, injury, damage and loss to the Debtor and her creditors if this Court denies the Debtor's request for injunctive relief clearly outweighs any potential harm to Defendant from the issuance of the injunction sought herein.

58. If the injunctive relief sought herein is not granted, the Debtor may be put in the position where she would ultimately be unsuccessful in her reorganization case; a scenario that would likely cause her to lose 49th Street, 14th Avenue and Monsey Properties.

59. The Debtor and her three (3) children live at the 14th Avenue Property. Therefore, if it is sold in a foreclosure action, the Debtor and her three (3) children would likely be rendered homeless.

60. A section 105 injunction would advance Congress' intent to provide Debtor with the opportunity to successfully reorganize under Chapter 11 of the Bankruptcy Code.

61. The Debtor has no adequate remedy at law.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE DEFENDANT
11 U.S.C. §§105 & 542(a); Bankruptcy Rules 7001, 7065 and F.R.Civ.P. Rule 65)

62. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 61 of this Complaint with the same force and effect as if more fully set forth at length herein.

63. Section 542(a) of the Bankruptcy Code provides that

"(a) Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title [11 USCS § 363], or that the debtor may exempt under section 522 of this title [11 USCS § 522], shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate".

64. The rents generated by the 52nd Street, 14th Avenue and Monsey Properties are property of the Debtor's estate pursuant to section 541(a) of the Bankruptcy Code and since June, 2005 the Defendant has, without any legal right, been collecting rents which are property of the Debtor's estate, within the meaning of section 541(a) of the Bankruptcy Code.

65. In order to be able to properly determine whether the Defendant has turned over to the Debtor all of the rents collected and the amount of expenses owed to creditors, including the mortgagees on the 49th Avenue, 14th Avenue and Monsey Properties; it is necessary for the Defendant to provide the Debtor with a complete accounting of all funds received and disbursed during the time he allegedly managed the 14th Avenue Property, 52nd Street Property

and Monsey Property from June, 2005, the date of the commencement of the First Action and the time when the Defendant began his unauthorized collection of rents, up to and including the present date.

**WHEREFORE,** the Debtor requests that this Court enter an order:

On the First Cause of Action

(a)     Restraining and enjoining Defendant Simon Taub ("Defendant") and his agents, or anyone acting in concert with him, directly or indirectly, jointly and severally, from collecting rents for 14th Avenue Property, the "52nd Street Property and the "Monsey Property;

(b)     Restraining Defendant from intimidating and harassing the Debtor's tenants at the 14th Avenue Property, 52nd Street Property and Monsey Property so as to force them to pay him the rent, which bullying tactics he has used since June 2005,

(c)     Authorizing the Debtor and her agents, or anyone acting in concert with her, directly or indirectly, jointly and severally, to collect rents generated by the 14th Avenue Property, the 52nd Street Property and the Monsey Property for the month of August, 2008 and thereafter and directing the tenants at these properties to remit such rents to the Debtor;

(d)     Compelling and ordering Defendant to either immediately vacate the apartment he is currently occupying in the 14th Avenue Property or pay the Debtor a fair market rent, in the amount of $2,000.00 per month, on the 1st of each month, and retroactive to at least June 2007;

On the Second Cause of Action

(e)     Compelling and ordering Defendant to return to the Debtor any and all

rents he has collected from the 14th Avenue Property, 52nd Street Property and Monsey Property from June 2005, the date of the commencement of the First Divorce Action up to and including the present date within forty eight (48) hours after entry of a judgment and order in this adversary proceeding;

(f) Compelling and ordering Defendant to provide a full accounting for all funds received and disbursed during the time he allegedly managed the 14th Avenue Property, 52nd Street Property and Monsey Property from June 2005 up to and including the present date, and

(g) Granting the Debtor such other and further relief as this Court may deem just and proper.

**DATED:** Brooklyn, New York
July 29, 2008

/S/ Chana Taub_____
  Chana Taub

**DATED:** New York, New York
July 29, 2008

THE LAW OFFICES
OF JOEL SHAFFERMAN
Proposed Substitute Counsel for the
Debtor
350 Fifth Avenue, Suite 2723
New York, New York 10118
(212) 509-1802

By: /S/ Joel M. Shafferman_____
    Joel M. Shafferman (JMS-1055)