James Sullivan
ARENT FOX LLP
1675 Broadway
New York, New York 10019
(212) 484-3900

Attorneys for Esther Newhouse

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

In re

       CHANA TAUB,

                         Debtor.

--------------------------------------------------------x

Chapter 11

Case No: 1-08-44210 (ESS)

## JOINDER IN SUPPORT OF BRIEF OF DEBTOR IN OPPOSITION TO SIMON TAUB'S LIFT STAY MOTION

TO:  THE HONORABLE ELIZABETH S. STONG
       UNITED STATES BANKRUPTCY JUDGE:

        Esther Newhouse ("Joining Party"), by and through her attorney Arent Fox LLP, hereby respectfully submits this Joinder in Support of Brief (the "Brief") [Docket No. 271] of Debtor in Opposition to Simon Taub's Lift Stay Motion (the "Motion") and respectfully represents as follows:

### JOINDER

1.      In the interest of brevity, the background and arguments set forth in the Brief as they relate to the Motion are incorporated herein for all purposes. The Joining Party hereby joins in and incorporates into this Joinder the arguments contained in the Brief.

2.      The Joinder shall not seek to rehash the arguments raised by the Debtor in the Brief, but instead will try to focus the Court on a few key points that Ms. Newhouse would like to bring to the Court's attention.

Application of the Sonnax Factors

3.  In deciding whether to grant relief from the automatic stay so as to allow litigation to proceed in another forum, the bankruptcy courts in the Second Circuit generally consider the factors identified by the Second Circuit in *Sonnax Indus., Inc. v. Tri Component Products Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1285 (2d Cir.1990). A bankruptcy court should consider only those factors relevant to a particular case, *id.* at 1286, and need not assign them equal weight. *In re Touloumis*, 170 B.R. 825, 828 (Bankr.S.D.N.Y.1994); *In re Anton*, 145 B.R. 767, 770 (Bankr.E.D.N.Y.1992). "When applying these factors and considering whether to modify the automatic stay, the Court should take into account the particular circumstances of the case, and ascertain what is just to the claimants, the debtor and the estate." *In re Keene Corp.*, 171 B.R. 180, 183 (Bankr.S.D.N.Y.1994).

4.  Ones that are of particular relevance here, and which favor the denial of the relief sought in the Motion, are the following:

   a. **Whether relief would result in a partial or complete resolution of the issues –** Modifying the automatic stay would not result in a complete resolution of the issues. As the Court is aware, Justice Demarest referred the equitable distribution issues to Justice Knippel, who was dealing with the constructive trust, fraudulent conveyance, and certain of the foreclosure proceedings. Upon information and belief, a third state court judge is handling one of the foreclosure proceedings. Before complete relief can be effectuated, some court will need to decide what assets are marital property and thus subject to equitable distribution. The Motion and the related abstention motions filed by Simon Taub do not address the competing claims of creditors to the marital property, including the claims

asserted by Pnina Kaufman in Adversary Proceeding Number 1-08-01424 (ESS) and the claims of a number of lending institutions. The claims of those competing claimants are currently before this Court and those claimants are not seeking to litigate their claims in another court. Thus, only this Court has all of the claimants to the marital property before it and only this Court is in a position to issue an order resulting in a complete resolution of the issues. Accordingly, this factor favors denial of the Motion.

b. **Lack of any connection with or interference with the bankruptcy case –** The Debtor's ability to propose and confirm a reorganization plan is largely contingent on a resolution of the competing claims to the properties that are the subject of dispute, including the claims between the Debtor and Simon Taub, but also the claims of third parties, such as Pnina Kaufman and a number of lending institutions. Thus, granting relief from the automatic stay would grind this chapter 11 case to a halt. In addition, to the extent the state court proceeding might interfere with the Debtor's ability to realize value from her properties pending a resolution of the competing claims to the marital properties, such as the collection of rent, the Debtor would have great difficulty funding the administration of her chapter 11 case while the equitable distribution proceeding languished in state court. Accordingly, this factor favors denial of the Motion.

c. **Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action –** As discussed in the Brief, neither Justice Demarest nor Justice Knippel are family court judges. Thus, neither has any special expertise in addressing the parties' disputes regarding the properties.

In addition, given the competing claims of creditors and other third parties, as well as the fraudulent conveyance issues involved, this Court has the appropriate expertise to deal with the issues necessary to effectuate a complete and just resolution. Accordingly, this factor favors denial of the Motion.

d. **Whether the action primarily involves third parties –** The Debtor is a central party to the action. Litigation in another forum would interfere with her ability to move forward with her chapter 11 case to the detriment of the Debtor and the creditors of her estate. Accordingly, this factor favors denial of the Motion.

e. **Whether litigation in another forum would prejudice the interests of other creditors** – As previously stated, only this Court can effectuate complete relief to the satisfaction of all parties in interest. Ms. Newhouse and other parties in interest would not be able to participate in the state court litigation and would be harmed by the delay in the administration of the Debtor's chapter 11 case. Further, statements by Simon Taub and the judge in the state court litigation suggest that the interests of creditors would be irreparably and unfairly prejudiced if it were allowed to proceed. For example, in the Motion, Simon Taub complains that the Debtor's efforts to prevent foreclosure of the Forshay property in Monsey, New York was improper. As set forth in the Brief, the Monsey house, the so-called "vacation home" whose imminent auction precipitated this Chapter 11 filing, has a market value of $500,000 and an outstanding mortgage of only $280,000. (See Schedule A, Docket No. 12). Simon Taub's statements demonstrate that his true motives are not to preserve the marital property for the benefit of all stakeholders, but rather to destroy it to the detriment of the Debtor

and her creditors. Similarly, statements of the state court judge indicate that the Debtor might be better off if the properties were foreclosed upon. Again, these statements suggest that the state courts will not look out for the best interests of the Debtor's creditors.

f. **Whether the judgment claim arising from the other action is subject to equitable subordination** – To the extent that a judgment rendered in the equitable distribution proceeding resulted in a judgment in favor of Simon Taub, such judgment would likely be subject to an equitable subordination proceeding given the allegations of numerous and wrongful acts perpetrated by Simon Taub against the Debtor and her creditors.

g. **The interests of judicial economy and the expeditious and economical resolution of litigation** – As set forth in the Brief, the equitable distribution proceeding has languished in state court and there is no evidence that such proceeding would not languish in state court for many years to come. In addition, as previously stated, only this Court has all of the parties before it and only this Court has the ability to render a complete resolution of all of the disputes. This Court, therefore, could render a judgment in a much more timely and expeditious fashion. Accordingly this factor favors denial of the Motion.

h. **Whether the parties are ready for trial in the other proceeding -** As set forth in the Brief, the equitable distribution proceeding has languished in state court and there is no evidence that such proceeding would not languish in state court for many years to come. Accordingly this factor favors denial of the Motion.

    i. **Impact of the stay on the parties and the balance of harms** – As set forth above and in the Brief, denial of the stay will help preserve the value of the marital property and allow all parties with interests in the dispute to be heard. Further, Simon Taub has offered no credible evidence to show how he would be injured if the disputes were resolved in this Court as opposed to state court. Accordingly, this factor favors denial of the Motion.

5. As the Court can see, a weighing of the Sonnax factors clearly demonstrates that the Motion should be denied.

## RESERVATION OF RIGHTS

6. The Joining Party reserves the rights to: (i) further address the Motion; (ii) respond to any further pleadings filed in this matter and (iii) be heard before the Court and otherwise participate in this matter.

## CONCLUSION

WHEREFORE, the Joining Party respectfully requests that this Court deny Simon Taub's Lift Stay Motion and grant such other, further and different relief as is just and proper.

Dated: New York, New York  
        June 24, 2009

ARENT FOX LLP  
Attorneys for Esther Newhouse

By:    */s/ James Sullivan*  
      James M. Sullivan  
      David J. Kozlowski  
      1675 Broadway  
      New York, New York 10019  
      (212) 484-3900