LEO FOX, ESQ.
630 Third Avenue
New York, NY 10017
(212)867-9595

LEO FOX  (LF -1947)

Attorney for Simon Taub

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

                                                                      Chapter 11
                                                                       Case No: 08-44210 (ESS)

CHANA TAUB,

                                                                       OPPOSITION OF SIMON TAUB
                                                                       TO MOTION OF DEBTOR TO
                                                                       QUASH

                     Debtor.

-------------------------------------------------------X

TO:    THE HONORABLE ELIZABETH S. STONG
         UNITED STATES BANKRUPTCY JUDGE

        The Opposition of Simon Taub ("Simon") by Leo Fox, his attorney, to the Motion of the Debtor dated July 7, 2009 to quash a Subpoena dated June 17, 2009 served upon JPMorgan Chase, respectfully represents.

        1.     Attached hereto is a copy of a transmittal letter (Exhibit A) transmitting a copy of the Subpoena to Debtor's counsel.  Not surprisingly, the undersigned received no objection to the Subpoena, similar in fact to the last subpoena which was served by the undersigned and which was also sent to Debtor's counsel by letter dated March 13, 2009 (Exhibit B).

        2.     The Subpoenas are proper, relevant and appropriate (pp. 3,4 of motion), relating to Simon's contentions that this Chapter 11 case should be dismissed because Esther Newhouse

1

and the Debtor have orchestrated Newhouse's "claim" to substantiate that Newhouse has a claim and has standing to appear as a creditor in this case.

3. The time periods are appropriate (pp. 3 and 4 of Motion) relating as they do to the time periods that the Debtor misappropriated in excess of $1,200,000 and on information and belief surreptitiously delivered such funds to Newhouse, for Newhouse to act as a disbursing agent and purported creditor of the Debtor. The Subpoenas have already established that both the Debtor and Newhouse have been perjuring themselves in this Court on the issue of the Newhouse "claim" as reflected in the schedules and in the Newhouse productions to date (which will be the subject of a separate motion to this Court). This Court has previously permitted inquiries relating to the subject matter of the Debtor-Newhouse transactions during this time period to be posed to Newhouse, in the form of a subpoena and it is accordingly more than appropriate for the Debtor's records for the time period to be also made available to examine the connections between the Debtor and Newhouse, and to inquire into the transactions.

4. The Debtor raises an issue of "confidentiality of bank accounts" (p. 4 of Motion) without specifically citing to the privilege or the statute involved. It is striking that the Debtor now seeks to oppose this Subpoena claiming it is as a ploy to litigate the divorce in this Court, where the Debtor and Newhouse have been attempting to "litigate" the divorce in this Court since the Chapter 11 filing.

5. There is no "privilege". The subpoena was issued in connection with Simon's motion to dismiss or convert under Section 1112 of the Bankruptcy Code, a matter of federal question jurisdiction. Federal Rules of Evidence Rule 1101 provides that all rules of evidentiary privilege in federal question cases are determined by federal common law which is applicable to Bankruptcy cases. There is no bank depositor privilege which protects bank records under the

federal common law, and thus, the Debtor's payment is simply spurious. In Re Yassai, 225 B.R. 478 (Bkrtcy C.D. Calif. 1998)

6. The geographic scope objection of the Subpoena (p. 5 of Motion) is clearly not meritorious because the Bank itself requested that the subpoena be sent to its National Subpoena office. The Bank target has not objected to the subpoena on any of these or any other grounds. See In Re Yassai, supra.

7. Finally, the name "Anna Judasin" (p. 4 of Motion) is used in the Subpoena not by Simon to conceal the Subpoena but, in fact, to obtain information which is maintained in the Debtor's maiden name, used by the Debtor as a means to conceal the information from Simon and this Court.

WHEREFORE, it is respectfully requested that the Court deny the relief sought herein and grant such other and further relief as may be proper.

Dated: New York, New York
July 17, 2009

Respectfully submitted,
Simon Taub by

s/ Leo Fox
Leo Fox, Esq.(LF-1947)
Attorney for Simon Taub
630 Third Avenue, 18th Floor
New York, New York 10017
Phone: (212) 867-9595
Fax: (212) 949-1857

H:\Reception_mydocs\TAUB, SIMON\Opposition to Motionto quash7-16-09.wpd

# LEO FOX
### ATTORNEY AT LAW

630 THIRD AVENUE
NEW YORK, NEW YORK 10017
(212) 867-9595
FAX (212) 949-1857

June 17, 2009

Dennis Houdek, Esq.
305 Broadway, 7th Floor
New York, NY 10007

        Re:    Chana Taub, Debtor
                 Chapter 11
                 Case No.: 08-44210 (ESS)

Dear Mr. Houdek:

    I enclose copies of a Subpoena served upon JP Morgan Chase Bank, N.A.

                             Very truly yours,

                             Leo Fox

Enclosures
cc:    Simon Taub

H:\Reception_mydocs\TAUB, SIMON\Houdek 6-17-09.wpd



# LEO FOX
ATTORNEY AT LAW

630 THIRD AVENUE
NEW YORK, NEW YORK 10017
(212) 867-9595
FAX (212) 949-1857

March 13, 2009

Dennis Houdek, Esq.
305 Broadway, 7th Floor
New York, NY 10007

        Re:    Chana Taub, Debtor
               Chapter 11
               Case No.: 08-44210 (ESS)

Dear Mr. Houdek:

    I enclose copies of Subpoenas served upon Meridian Residential Capital LLC, Jay Bohensky, and Astoria Federal Bank.

                                                                               Very truly yours,

                                                                               Leo Fox

Enclosures
cc:    Simon Taub

H:\Reception_mydocs\TAUB, SIMON\Houdek 3-13-09.wpd

