UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

    CHANA TAUB,                                     Chapter 11

               Debtor.                          Case No. 08-44210-ess
-----------------------------------------------------------------x

**MEMORANDUM DECISION ON MOTION TO RECONSIDER
ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY**

Appearances:

Dennis Houdek, Esq.                           Leo Fox, Esq.
305 Broadway (7th floor)                   630 Third Avenue
New York, NY 10007                          New York, NY 10017
 *Attorney for Chana Taub*                  *Attorney for Simon Taub*

**HONORABLE ELIZABETH S. STONG
UNITED STATES BANKRUPTCY JUDGE**

Chana Taub, the Chapter 11 debtor in possession, seeks reconsideration of this Court's Order dated August 14, 2009, granting relief from the automatic stay (the "Lift Stay Order") and the accompanying Memorandum Decision, *In re Chana Taub*, 413 B.R. 55 (Bankr. E.D.N.Y. 2009) (the "Lift Stay Decision"). This Court granted stay relief to allow the Debtor and Mr. Taub to proceed to decision on all issues, including equitable distribution, up to the entry of judgment in their divorce action pending in New York Supreme Court, with enforcement to take place in this Court. Simon Taub, the estranged husband of the Debtor, opposes reconsideration on grounds that the Debtor has not identified any basis for relief and asks the Court to deny reconsideration or, alternatively, if reconsideration is granted, to reach the same conclusion and grant relief from the automatic stay.

This motion calls upon the Court to assess whether the matters decided in the Lift Stay Order should be revisited and decided differently. As this Court observed in a similar context:

> Motions to reconsider should be the exception, not the rule, and successful motions to reconsider are rarer still. The yardstick against which such relief is measured is an exacting one, the burden faced by a movant is high, and the grounds for such relief are narrow indeed, because reconsideration is at odds with the principle of finality and "the just, speedy, and inexpensive determination of every case and proceeding." FED. R. BANKR. P. 1001.

*Taub v. Hershkowitz (In re Taub)*, ___ B.R. ___, 2009 WL _____, No. 09-AP-1277, slip op. at 2 (Bankr. E.D.N.Y. Dec. 3, 2009).

For the reasons set forth below, the Debtor's motion to reconsider is denied.

## **Jurisdiction**

This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(3).

## Procedural History

*The Debtor's Bankruptcy Case*

The Debtor commenced this Chapter 11 bankruptcy case on July 1, 2008, by filing a voluntary petition for relief. She continues to operate and manage her business and property as a debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108.

*The Lift Stay Motion*

Mr. Taub moved for relief from the automatic stay on June 1, 2009 (the "Lift Stay Motion"), and sought an order pursuant to Bankruptcy Code Section 362(d)(2) permitting the parties to proceed to decision on all issues, including equitable distribution, up to the entry of judgment in their pending divorce action, with enforcement to take place in this Court. The Debtor filed her affirmation and the affirmation of Dennis Houdek (the "Houdek Affirm.") in opposition to the Lift Stay Motion on June 23, 2009. Esther Newhouse, a creditor and the Debtor's sister, filed a joinder in support of the Debtor's opposition to the Lift Stay Motion two days later, on June 25, 2009. Mr. Taub filed a reply to the Debtor's and Ms. Newhouse's opposition on July 6, 2009.

The Court held a hearing on the Lift Stay Motion on July 22, 2009, at which the Debtor, Mr. Taub, and Ms. Newhouse, by their respective counsel, appeared and were heard, and the Court reserved decision. And as noted above, on August 14, 2009, the Court issued an Order and Memorandum Decision on the Lift Stay Motion granting relief from the automatic stay.

*The Motion to Reconsider*

The Debtor moved for reconsideration of the Lift Stay Order on August 27, 2009 (the "Motion to Reconsider"), supported by her affirmation (the "Debtor's Reconsid. Affirm."), and

"all prior proceedings." She seeks an order, pursuant to Federal Rules of Civil Procedure 60(b)(6) and 60(c), "relieving [her] from this Court's Order dated August 14, 2009, which was based on the Court's Decision and Opinion entered and posted on August 17, 2009, by deleting the lifting of the automatic stay and the referral of the pending divorce action . . . ." Debtor's Reconsid. Affirm. at 1.

Mr. Taub opposes the Motion to Reconsider and, on September 17, 2009, filed his Opposition to the Motion to Reconsider (the "S. Taub Opp."). He argues that the Debtor has not raised any new arguments or identified any controlling law or fact that was overlooked by the Court. And he urges that if reconsideration is granted, then the Court should reach the same conclusion and grant relief from the automatic stay.

The Court held a hearing on the Motion to Reconsider on September 22, 2009, at which the Debtor, Mr. Taub, and Ms. Newhouse, by their respective counsel, appeared and were heard, and a schedule was set for supplemental briefing.

The Debtor filed a supplemental brief in support of the Motion to Reconsider on September 29, 2009 (the "Debtor's Suppl. Br."), and also directed the Court to other filings, including "the previously submitted Affirmation of Dennis Houdek, Esq. in opposition to the motion, Docket Nos. 272 (Houdek Affirmation) and 275 (Exhibits A-K thereto) in the main case . . . ." Debtor's Suppl. Br. at 6. Mr. Taub filed a supplemental opposition to the Motion to Reconsider on October 6, 2009 (the "S. Taub Suppl. Opp."). On October 27, 2009, the Debtor, Mr. Taub, and Ms. Newhouse, by counsel, appeared and were heard. That same day, the matter was submitted for decision.

3

**Discussion**

As this Court observed in the Lift Stay Decision, "[t]he Debtor and Mr. Taub have been engaged in contentious and acrimonious litigation, including two divorce actions, in the New York state courts since 2005." Lift Stay Decision, 413 B.R. at 58. In many of these proceedings, including in several motions to recuse the judges presiding over the divorce actions and in filings in this Court, the Debtor has argued strenuously that the presiding judges are biased against her and the state court proceedings are fundamentally unfair to her. *See, e.g.*, Lift Stay Decision, 413 B.R. at 58-60. The Debtor's perception of bias and unfairness in the state court proceedings continues to animate her arguments in this Motion to Reconsider.

In May 2007, the Debtor commenced the divorce action (the "Second Divorce Action") that was stayed by the commencement of her Chapter 11 bankruptcy case. Lift Stay Decision, 413 B.R. at 59. This Court granted stay relief to allow the Second Divorce Action to proceed to decision on all issues, including equitable distribution, up to the entry of judgment with enforcement to take place in this Court. Lift Stay Decision, 413 B.R. at 68.

The Debtor did not appeal from, or seek a stay of, the Lift Stay Order. Instead, for substantially the same reasons that she opposed the Lift Stay Motion, the Debtor seeks reconsideration of the Lift Stay Order under Federal Rules of Civil Procedure 60(b)(6) and 60(c),[1] made applicable by Federal Rule of Bankruptcy Procedure 9024, on grounds that this Court should retain jurisdiction over all of the issues that concern her ownership interest in real

---

[1] Rule 60(c) addresses the timeliness of a motion under Rule 60 and does not provide a substantive basis for relief. It provides that "[a] motion made under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

4

property, and should not limit its role to enforcement of the judgment in the Second Divorce Action.

*Federal Rule of Civil Procedure 60(b)*

Federal Rule of Civil Procedure 60(b) lists six grounds for relief from a judgment or order. These are:

1. mistake, inadvertence, surprise, or excusable neglect;
2. newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
3. fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
4. the judgment is void;
5. the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
6. any other reason that justifies relief.

FED. R. CIV. P. 60(b).

As the Second Circuit has found, "[s]ince 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); *In re Waugh,* 367 B.R. 361, 366 (Bankr. E.D.N.Y. 2007) ("'Motions under Rule 60(b) . . . are generally granted only upon a showing of exceptional circumstances'") (quoting *Mendell v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990)). Rule 60(b) is strictly applied, following the tenet that "[a] court's final judgment should not 'be lightly reopened.'" *Herschaft v. New York City Campaign Fin. Bd.,* 139 F. Supp. 2d 282, 286 (E.D.N.Y. 2001) (quoting *Nemaizer,* 793 F.2d at 61). "Properly applied, Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments." *Stefanopoulos v. City of New York,* 2007 WL 160819, at *2 (E.D.N.Y. Jan. 17, 2007) (quoting *House v. Sec'y of Health and Human Servs.,* 688 F.2d 7, 9 (2d Cir. 1982)); *Tyger v. Air Line Pilots Ass'n, Int'l*, 2008 WL 3852236, at

*2 (E.D.N.Y. Aug. 16, 2008). And "[a] motion under Rule 60(b) is addressed to the [court's] sound discretion . . . ." *Montco, Inc. v. Barr (In re Emergency Beacon Corp.)*, 666 F.2d 754, 760 (2d Cir. 1981).

The sixth subsection of Rule 60(b) is "reserved for grounds for reconsideration which are not already recognized in the first five subsections" of the rule. *Stefanopoulos,* 2007 WL 160819, at *3 (quoting *Nemaizer*, 793 F.2d at 63). Rule 60(b)(6) allows for a different outcome only "when there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship . . . ." *In re Emergency Beacon Corp.*, 666 F.2d at 759 (internal citations omitted); *Unsecured Claims Estate Representative of Teligent, Inc. v. Cigna Healthcare, Inc. (In re Teligent, Inc.)*, 326 B.R. 219, 227 (S.D.N.Y. 2005).

The Second Circuit has noted that on a motion under Rule 60(b)(6), "[t]he burden of proof is on the party seeking relief from judgment . . . ." *United States v. Int'l Bhd. of Teamsters,* 247 F.3d 370, 391 (2d Cir. 2001). Evidence in support of a Rule 60(b)(6) motion must be "highly convincing . . . ." *Boehner v. Heise,* 2009 WL 1360975, at *5 (S.D.N.Y. May 14, 2009). Rule 60(b)(6) "is not a substitute for a timely appeal . . . ." *In re Teligent, Inc.*, 326 B.R. at 227.

*Timeliness of the Motion to Reconsider*

Timeliness is a threshold issue under Rule 60. A motion seeking relief under Rule 60(b) "must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c).

The Lift Stay Order was signed and entered on the docket on August 14, 2009. The Lift Stay Decision was signed on August 14, 2009, but due to an administrative error, was not entered on the docket until the following business day, August 17, 2009. The measuring date

6

for purposes of timeliness of the Motion to Reconsider is August 14, 2009. The Debtor filed the Motion to Reconsider seeking relief under Rule 60(b)(6) on August 27, 2009, which is within a "reasonable time" after the entry of the Lift Stay Order on August 14, 2009. Accordingly, the Motion to Reconsider is timely for the purposes of Rule 60(b).

Where a post-judgment motion is timely filed for purposes of Federal Rule of Civil Procedure 59(e), but relies only upon Rule 60(b), the motion should be treated as one under Rule 59(e). *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 41 (2d Cir. 1982). However, a motion under Rule 59(e) must be brought within ten days of the entry of the order on the docket, and this requirement is absolute. FED. R. CIV. P. 59(e) (2007) (as effective before Dec. 1, 2009).[2] *See* 10 COLLIER ON BANKRUPTCY ¶ 9023.02 (15th ed. rev. 2007). Here, the Motion to Reconsider was brought thirteen days after the date that the Lift Stay Order was entered on the docket. Accordingly, the Motion to Reconsider is not timely under Rule 59(e), and cannot be considered under that Rule.

*The Motion to Reconsider*

The Debtor argues that the Lift Stay Order should be reconsidered and rejected because "this Court overlooked certain pertinent facts which would deny [her] equity and justice, and which warrant that this Order be amended and/or reversed." Debtor's Reconsid. Affirm. at 3. She urges that she and her Chapter 11 bankruptcy estate will be prejudiced by proceeding in state

---

[2] Effective December 1, 2009, Bankruptcy Rule 9023 was amended to provide that "[a] motion for a new trial or to alter or amend a judgment shall be filed . . . no later than 14 days after entry of judgment." FED. R. BANKR. P. 9023. Rule 59(e) was also amended but no longer fixes the time period applicable to such a motion in bankruptcy cases. The amendments to these rules do not expand the ten day filing period applicable to the Motion to Reconsider. *See also* n.3, *infra.*

7

court for many reasons, including the state court's "unwilling[ness] to preserve any of [her] marital assets," her inability to obtain discovery from Mr. Taub, Mr. Taub's "looting the income from the properties in [her] name," and Mr. Taub's refusal to provide her with an accounting. Debtor's Reconsid. Affirm. at 3-4. She also argues that the state court has refused to enforce its own orders concerning these matters.

The Debtor urges that this Court should "deal with all outstanding issues" because it "can best handle these complex [property] issues." Debtor's Reconsid. Affirm. at 5. By contrast, the Debtor affirms that she "would be terribly and irrevocably harmed" if she is "forced to [] appear in front of the state court judge" again. Debtor's Reconsid. Affirm. at 6.

In addition, the Debtor argues that this Court overlooked "salient facts which show that the Court's lift stay decision will remit the Debtor to the very forum that necessitated her filing of this emergency, pro se petition." Debtor's Suppl. Br. at 5-6. For example, she notes that in the state court, Mr. Taub and others under his influence have engaged in "scorched earth tactics" that made it impossible for her to proceed and required her to commence this Chapter 11 bankruptcy case. Debtor's Suppl. Br. at 6-10. The Debtor asserts that those tactics, the delays that have marked the state court proceedings, and Mr. Taub's interference with her efforts to manage the properties at issue, among other considerations, "totally bel[ie]" the claim that questions of property ownership issues can be resolved expeditiously in state court. Debtor's Suppl. Br. at 12.

And the Debtor argues that this Court may resolve the equitable distribution issues because the domestic relations exception to federal jurisdiction is a narrow one and, under *Marshall v. Marshall*, 547 U.S. 293 (2006), bankruptcy courts may determine many issues

8

regarding domestic relations and divorce law. She urges that this Court's adjudication of these issues will not interfere with the Second Divorce Action, because the judge in that action has declined to exercise jurisdiction over these issues.

Mr. Taub opposes the Motion to Reconsider on grounds that the standard for relief under Rule 60(b)(6) is high, the evidentiary test is strict, and the Debtor has not shown "extraordinary circumstances" warranting reconsideration. He states that reconsideration is available only where there are "controlling decisions or data that the court overlooked – matters in other words that might reasonably be expected to alter the conclusion reached by the Court . . . ." S. Taub Opp. at 2. And he observes that the Debtor has cited neither "controlling decision[s] or factual data" that this Court overlooked in reaching its decision to grant stay relief. S. Taub Opp. at 3.

Mr. Taub notes that the Debtor's arguments, and even her submissions, in support of reconsideration are substantially the same as those that she made in opposition to the Lift Stay Motion. And finally, he argues that if reconsideration is allowed, then the Court should reach the same conclusion and grant stay relief.

In deciding the Lift Stay Motion, this Court reviewed the factors identified by the Second Circuit in *Sonnax Industries, Inc. v. Tri Component Products Corp. (In re Sonnax Industries, Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990), and concluded that many of those factors weigh in favor of granting relief from the automatic stay to permit the parties to litigate up to the entry of judgment on all issues in the Second Divorce Action, with enforcement to take place in this Court. Lift Stay Decision, 413 B.R. at 62-68.

The Court considered whether stay relief would result in a partial or compete resolution of the issues and, as to this factor, concluded:

> Relief from the automatic stay would allow the Supreme Court, Kings County to determine issues including "the respective rights of the parties in their separate or marital property . . . ." N.Y. DOM. REL. LAW § 236(B)(5)(a). This would resolve significant open issues in the Debtor's bankruptcy case, and would assist the Debtor in pursuing the confirmation of a Chapter 11 plan.

Lift Stay Decision, 413 B.R. at 62.

The Court also considered whether stay relief would interfere with the bankruptcy case. Here, the Court concluded that "[t]he progress of this bankruptcy case requires the determination of what is the Debtor's and Mr. Taub's marital property and the equitable distribution of that property." Lift Stay Decision, 413 B.R. at 63. And this Court retains jurisdiction over property of the Debtor's bankruptcy estate, whether or not stay relief is allowed. *Id*.

An additional factor assessed by the Court was whether a specialized tribunal with relevant expertise has been established to hear the matters at issue. The Court concluded that "[t]he Supreme Court, Kings County has significant expertise in domestic relations matters, and is well qualified to determine the respective property entitlements and obligations of the parties to a divorce action." Lift Stay Decision, 413 B.R. at 64. And the Court noted that many bankruptcy courts have reached similar conclusions when confronted with this question. *Id*. (citing cases).

The Court also considered whether litigation in the Second Divorce Action would prejudice the interests of other creditors. The Court found that any risk of prejudice to creditors by, for example, the matrimonial court distributing property of the estate to the non-debtor spouse "can be addressed by limiting the scope of stay relief." Lift Stay Decision, 413 B.R. at 65. This Court concluded:

> [S]tay relief may be granted to permit the matrimonial court to decide the issues before it, including the issue of equitable distribution, but only up to the entry of judgment. In that way, this Court would retain jurisdiction to enforce a judgment, and the priorities established by the Bankruptcy Code and the rights of other creditors can be protected.

Lift Stay Decision, 413 B.R. at 66.

The Court considered whether the interests of judicial economy and the expeditious and economical resolution of litigation weighed in favor of stay relief. The Court noted that the "long history of the contentious and acrimonious litigation between the Debtor, Mr. Taub, and others" confirmed the significance of these considerations. Lift Stay Decision, 413 B.R. at 66. The Court found that "[e]quitable distribution is . . . an area where bankruptcy courts routinely, and appropriately, defer to state court for decision, with enforcement left to the bankruptcy process." Lift Stay Decision, 413 B.R. at 67 (citing cases). The Court also considered whether the parties are ready for trial in the Second Divorce Action, and concluded that if limited relief from the automatic stay was granted, "the Supreme Court, Kings County is able to proceed with the determination of the equitable distribution and other issues up to the entry of judgment." *Id*.

Finally, the Court considered the impact of the stay on the parties and the balance of the harms. There and here, the Debtor argues that this Court is in the best position to preserve the value of the marital properties and provide a fair and unbiased hearing to the parties. Lift Stay Decision, 413 B.R. at 68. The Court concluded:

> The Supreme Court, Kings County is an appropriate forum to determine the issues present in the Second Divorce Action, including the question of equitable distribution of the marital property between the Debtor and Mr. Taub, for several reasons. The Debtor's matrimonial action has been pending there since 2005, and that court has experience with both the area of law and these proceedings. The resolution of that issue will assist the Debtor in formulating her Chapter 11 plan. And stay relief may be limited to allowing the Supreme Court, Kings County to determine the issues, up to the entry of judgment, but not

11

> enforcement, so that the administration of this bankruptcy case and the interests of the parties present here are not harmed.

Lift Stay Decision, 413 B.R. at 68. And the Court observed that the appropriate forum for addressing the Debtor's concern that the presiding judge in the Second Divorce Action is biased against her is the state court, where the Debtor has moved for recusal and appealed from the denial of that motion. *Id*.

The Debtor has not demonstrated that "exceptional circumstances" require reconsideration of the Court's decision to grant relief from the automatic stay, or reassessment of any of the factors relied upon by the Court in reaching that decision. Her disagreement with the Court's conclusions and her concerns about the fairness of the state court proceedings, including whether the state court will preserve the marital assets and her objections to Mr. Taub's litigation tactics, do not amount to "exceptional circumstances" necessary to trigger reconsideration and the attendant disruption of the finality of a court order. Nor does her preference to litigate the property issues in her bankruptcy case rather than in the Second Divorce Action meet this standard.

The Debtor similarly has not demonstrated that the Court overlooked an issue of law or fact that would change the Court's conclusions. Here too, the Debtor's disagreement with the Court's assessment of the law and the facts, and the Debtor's attempt to reargue her opposition to the Lift Stay Motion, are not grounds to reconsider and reach a different determination of these matters.

And likewise, the Debtor's concerns about proceeding in the Second Divorce Action, including her concern that she will suffer irreparable harm and extreme and undue hardship if she is required to litigate in that venue, do not rise to the level of grounds for reconsideration of

the Lift Stay Order. If the Debtor is dissatisfied with any aspect of the state court proceedings, her remedies lie in that forum and in her ability to seek review of any judgment that is entered there.

Finally, even if this Court concluded that the Debtor had carried her high burden to show that reconsideration is warranted, neither the Debtor's arguments nor the Court's own assessment of the entire record indicates that a different decision should be reached. As noted above, the Court's decision to grant stay relief was based on finding that at least seven of the factors set forth in *In re Sonnax Industries, Inc.*, weigh in favor of relief from the automatic stay. Lift Stay Decision, 413 B.R. at 62-68. The Debtor has not established that any of those factors, let alone a preponderance of them, should be assessed differently. That is, upon reconsideration, this Court would reach the same conclusion and grant relief from the automatic stay as reflected in the Lift Stay Order.[3]

---

[3] As noted above, the Lift Stay Order was signed and entered on the docket on August 14, 2009, and this is the measuring date for purposes of timeliness of the Motion to Reconsider. The Motion to Reconsider is timely for purposes of Rule 60(b)(6), but not for purposes of Rule 59(e).

Nevertheless, even if this motion was timely under Rule 59(e), this Court would deny reconsideration under that rule. And even if reconsideration under Rule 59 was warranted, the Court would reach the same conclusion – that is, upon reconsideration under Rule 59(e), this Court would grant relief from the automatic stay as reflected in the Lift Stay Order.

## Conclusion

For the reasons stated herein, and based upon the entire record, the Motion to Reconsider the Lift Stay Order is denied. An order in conformity with this Memorandum Decision shall be entered simultaneously herewith.

Dated: Brooklyn, New York
      December 11, 2009                      **_s/Elizabeth S. Stong_**
                                                   HONORABLE ELIZABETH S. STONG
                                                   UNITED STATES BANKRUPTCY JUDGE