UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:

CHANA TAUB,                                           Chapter 11

             Debtor.                              Case No. 08-44210-ess
-------------------------------------------------------------x

# MEMORANDUM DECISION ON APPLICATIONS
# FOR ORDERS TO SHOW CAUSE AND STAYS PENDING APPEAL

Appearances:

| | |
|---|---|
| David Bellon, Esq.<br>157-51 26th Avenue<br>Flushing, NY 11354<br>   *Attorney for Debtor Chana Taub* | Leo Fox, Esq.<br>Law Offices of Leo Fox<br>630 Third Avenue<br>New York, NY 10017<br>   *Attorney for Simon Taub* |
| Alicia Leonhart, Esq.<br>Office of the United States Trustee<br>271 Cadman Plaza East, Suite 4529<br>Brooklyn, NY 11201<br>  *Office of the United States Trustee* | Rosemarie Matera, Esq.<br>Kurtzman Matera PC<br>664 Chestnut Ridge Road<br>Spring Valley, NY 10977<br>   *Attorney for Esther Newhouse* |

Ronald Friedman, Esq.
SilvermanAcampora LLP
100 Jericho Quadrangle
Suite 300
Jericho, NY 11753
   Attorney for Chapter 11 Trustee
     Lori Lapin Jones

**HONORABLE ELIZABETH S. STONG**
**UNITED STATES BANKRUPTCY JUDGE**

Before the Court are Applications brought by Chana Taub, the debtor in this Chapter 11 bankruptcy case, for Orders to Show Cause why orders authorizing Lori Lapin Jones, the Chapter 11 Trustee, to retain professionals including a real estate broker, an accountant, a property manager, and landlord-tenant counsel, should not be stayed pending appeal, and for other relief.

## Background

The long and contentious history of this case has been recounted in several reported decisions of this Court.  See, e.g., *Taub v. Taub (In re Taub)*, 427 B.R. 208, 214-15 (Bankr. E.D.N.Y. 2010), *aff'd*, *Taub v. Adams,* No. 10-Civ-2600 (E.D.N.Y. Aug. 31, 2010); *In re Taub,* 421 B.R. 37, 40-41 (Bankr. E.D.N.Y. 2009); *Taub v. Taub (In re Taub)*, 413 B.R. 81, 85-86 (Bankr. E.D.N.Y. 2009).

The Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code on July 1, 2008, and administered the case as a debtor-in-possession until this Court entered an Order Directing the Appointment of a Trustee on April 9, 2010.  The United States Trustee selected Lori Lapin Jones as Trustee of the this bankruptcy estate pursuant to Bankruptcy Code Section 1104(a), and on April 13, 2010, the Court entered an Order Approving Selection of Chapter 11 Trustee, approving the appointment of Ms. Jones as Trustee for the estate.

In the course of performing her duties, the Trustee sought to retain professionals pursuant to Bankruptcy Code Section 327(a).  On June 3, 2010, she filed an application to retain David R. Maltz & Co. ("Maltz") to serve as real estate broker for the Chapter 11 estate (the "Broker Application").  The Debtor by her then-counsel, David Carlebach, objected to the Broker Application, and the Court held hearings on the Broker Application on June 29, 2010, and

August 12, 2010, at which the Debtor, the Trustee, Esther Newhouse, Simon Taub, and the United States Trustee appeared and were heard.

The Trustee next filed an application to retain Gary R. Lampert, CPA, as accountant for the Chapter 11 estate (the "Accountant Application") on July 21, 2010, and an application to retain Maltz as management agent for the Chapter 11 estate (the "Management Agent Application") on July 22, 2010. The Debtor, *pro se,* objected to the Accountant and Management Agent Applications, and Esther Newhouse, a creditor and the Debtor's sister, objected to the Accountant Application. The Court held hearings on the Accountant and Management Agent Applications, on August 12, 2010, at which the Debtor, the Trustee, Esther Newhouse, Simon Taub, and the United States Trustee appeared and were heard.

On August 13, 2010, the Court entered Orders granting the Broker Application (the "Broker Order"), the Accountant Application (the "Accountant Order"), and the Management Agent Application (the "Management Agent Order").

The Trustee filed an application to retain Wenig Saltiel LLP as special counsel for the Chapter 11 estate for landlord-tenant matters (the "Special Counsel Application") on August 12, 2010. The Debtor did not object to the Special Counsel Application, and the Court entered an Order granting the Special Counsel Application on August 25, 2010 (the "Special Counsel Order").[1]

On August 23, 2010, the Debtor, *pro se*, filed Notices of Appeal from the Broker Order,

---

[1] The Broker Application, the Accountant Application, the Management Agent Application, and the Special Counsel Application are referred to collectively as the "Retention Applications." The Broker Order, the Accountant Order, the Management Agent Order, and the Special Counsel Order are referred to collectively as the "Retention Orders."

the Accountant Order, and the Management Agent Order in the Bankruptcy Court.  The next day, the Debtor, *pro se,* filed the present Applications for Emergency Orders to Show Cause for stays pending appeal of the Broker Order, the Accountant Order, and the Management Agent Order.

On September 20, 2010, the Debtor, *pro se,* filed a Notice of Appeal from the Special Counsel Order in the Bankruptcy Court, as well as the Application for an Order to Show Cause for a stay pending appeal of the Special Counsel Order.[2]  This Court held a hearing on the Stay Applications on September 27, 2010, at which the Debtor, by newly-retained counsel, and the Trustee, Esther Newhouse, Simon Taub, and the United States Trustee appeared and were heard. With the consent of all parties, the Stay Applications were marked as submitted and this Court reserved decision.

## **Discussion**

Jurisdiction is a threshold issue, and Bankruptcy Rule 8005, Stay Pending Appeal, sets forth the framework within which this Court must proceed.  It provides in part:

> A motion for a stay of the judgment, order, or decree of a bankruptcy judge . . . must ordinarily be presented to the bankruptcy judge in the first instance. Notwithstanding Rule 7062 but subject to the power of the district court . . . reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest.

FED. R. BANKR. P. 8005.

The filing of a notice of appeal does not divest a bankruptcy court of jurisdiction to rule

---

[2] The Broker Application, Accountant Application, Management Agent Application, and Special Counsel Application are referred to collectively as the "Stay Applications."

on an application for a stay pending appeal. *Ho v. Dai Hwa Elec. (In re Ho)*, 265 B.R. 603, 605 (B.A.P. 9th Cir. 2001).

The Standard for Granting a Stay Pending Appeal

Courts in this Circuit apply a well-established four-factor test to determine whether to enter a stay pending appeal:

> (1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated "a substantial possibility, although less than a likelihood, of success" on appeal, and (4) the public interests that may be affected.

*Hirschfeld v. Bd. of Elections of New York*, 984 F.2d 35, 39 (2d Cir. 1993) (quoting *Dubose v. Pierce*, 761 F.2d 913, 920 (2d Cir. 1985)) .

The party seeking the stay bears the burden of proof, and must show "'satisfactory' evidence on all four" factors. *Bijan-Sara Corp. v. Fed. Deposit Ins. Corp. (In re Bijan-Sara Corp.)*, 203 B.R. 358, 360 (B.A.P. 2d Cir. 1996) (quoting *In re Charles and Lillian Brown's Hotel, Inc.*, 93 B.R. 49, 53 (Bankr. S.D.N.Y. 1988). Stays pending appeal are the exception, not the rule, and are granted only in limited circumstances. *In re Paolo Gucci,* 105 F.3d 837, 840 (2d Cir. 1997); *In re Aston Baker*, 2005 WL 2105802, at *3 (E.D.N.Y. Aug. 31, 2005).

The Second Circuit has not articulated whether each factor must be satisfied in order for a stay pending appeal to issue, and courts considering a request for a stay often view the four factors as criteria to be assessed in light of all of the facts and circumstances. As one court observed, "the Second Circuit has consistently treated the inquiry of whether to grant a stay pending appeal as a balancing of factors that must be weighed." *ACC Bondholder Grp. v. Adelphia Commc'ns Corp. (In re Adelphia Commc'ns Corp.)*, 361 B.R. 337, 347 (S.D.N.Y. 2007).

First, an applicant seeking a stay pending appeal must show that irreparable injury will ensue if a stay does not issue. The harm must be "neither remote nor speculative, but actual and imminent." *Adelphia*, 361 B.R. at 347. Courts have found that irreparable injury may occur in the absence of a stay when the passage of time may render the appeal meaningless. For example, in *In re Zahn Farms*, 206 B.R. 643 (B.A.P. 2d Cir. 1997), the court observed that a debtor's ability to seek meaningful review of a lift stay order would be compromised if the order permitting a foreclosure sale and other actions was not stayed while the appeal was pending. *See In re Albicocco*, 2006 WL 2620464 (E.D.N.Y. Sept. 13, 2006) (denying stay pending appeal but noting that imminent eviction could give rise to irreparable harm).

Second, the party seeking the stay must establish that a stay will not cause substantial harm to the non-moving party. *Mohammed v. Reno*, 309 F.3d 95, 100 (2d Cir. 2002). That is, "the moving party must show that the balance of harms tips in favor of granting the stay." *Adelphia*, 361 B.R. at 349.

Next, the moving party must demonstrate a "substantial possibility, although less than a likelihood, of success" on appeal. *Hayes v. City Univ. of New York,* 503 F. Supp. 946, 963 (S.D.N.Y. 1980). Ultimately "[t]he necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the other [stay] factors." *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977). As the Second Circuit observed, "'[s]imply stated, more of one excuses less of the other.'" *Mohammed,* 309 F.3d at 101 (quoting *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)).

And finally, the movant must demonstrate that the public interest will not be adversely

affected if a stay pending appeal issues. This factor calls for the court to weigh the public interest in the matter, and to consider and balance the goal of efficient case administration and the right to a meaningful review on appeal. *Adelphia*, 361 B.R. at 349.

<u>Irreparable Injury Absent a Stay</u>

As to the first factor, whether the moving party will suffer irreparable injury in the absence of a stay pending appeal, the Debtor argues that the shortage of funds available to the estate and the daily accrual of additional administrative expenses show that a stay of the Retention Orders is required to avoid irreparable injury to the Chapter 11 estate. In substance, the Debtor argues that the estate cannot sustain the expenses associated with the retention of multiple professionals, and that the Trustee should be able to provide these services herself, or alternatively, to manage the estate without them.

The Trustee argues that it is her business judgment, and not that of the Debtor, that governs, and that the assistance of the retained professionals is necessary and appropriate for her to carry out her duties.

The Debtor has not established that the estate will suffer an injury that is irreparable, actual, or imminent if the Retention Orders are not stayed, for several reasons. First, the Debtor has not shown that the estate will be injured in any fashion, let alone irreparably, if the Retention Orders are not stayed during the pendency of her appeals. The harm cited by the Debtor arising from the need to pay substantial fees to the Trustee's retained professionals is speculative. Compensation to these professionals for services rendered to the Chapter 11 estate may be paid only if approved by this Court, and only after notice and a hearing. The Debtor may present objections at that time, as may the United States Trustee and any creditor or party in interest.

And even if it was a certainty that the Chapter 11 estate would become obligated to pay fees to the retained professionals, that does not amount to the kind of injury necessary to support the entry of a stay.

For these reasons and based on the entire record, the Court finds that this factor weighs against granting stays pending appeal of the Retention Orders.

<u>The Effect of a Stay on Non-Moving Parties</u>

The Debtor does not specifically address the second factor, which is the effect of a stay pending appeal on non-moving parties, including the Trustee and parties in interest. She argues in substance that a stay pending appeal of the Retention Orders will not harm non-moving parties, including the Trustee, because the Chapter 11 estate is not complex, and because the Trustee should be able to perform on her own the services for which the professionals have been retained.

The Trustee states that granting a stay pending appeal of the Retention Orders would be extremely harmful to non-moving parties because the Trustee requires the assistance of these professionals in order to carry out her statutory and fiduciary duties in the management of the estate, and to "operate the debtor's business," as permitted by Bankruptcy Code Section 1108.

Each of the retained professionals will assist the Trustee in carrying out her statutory and fiduciary duties, in several ways. The record shows that the services of a real estate broker will assist the Trustee in assessing the values of the real estate and the prospects for reorganization, and more generally, in moving the matter forward in the bankruptcy process. The record also shows that the property of this Chapter 11 estate includes operating real estate, and the history of this case over the more than two years it has been pending is replete with examples of the need

for qualified and objective real estate management services. The services of an accountant will aid the Trustee in meeting her reporting obligations, including the obligation to file monthly operating reports. And the Trustee requires the services of landlord-tenant counsel to represent the estate in litigation, including in the Housing Part of New York City Civil Court.

That is, the services of each of these retained professionals is important to this estate, and non-moving parties including the Trustee and parties in interest will be harmed if these services cannot be provided because the Retention Orders are stayed.

For these reasons and based on the entire record, the Court finds that this factor weighs against granting stays pending appeal of the Retention Orders.

<u>Whether There Is a Substantial Possibility of Success on Appeal</u>

The Debtor does not specifically address the third factor, which is whether she has a substantial possibility of success on her appeal of the Retention Orders. She argues in substance that she has a substantial possibility of success on appeal because the Chapter 11 estate does not warrant the retention of a large number of professionals, and cannot sustain the expense associated with the retentions.

The Trustee argues that the Debtor does not have a substantial – or even a modest – possibility of success on these appeals, for several reasons. She states that the District Court has already affirmed the Order affirming the appointment of the Trustee, concluding that this Court did not abuse its discretion in appointing the Trustee. The Trustee also observes that subject to Court approval and in accordance with Bankruptcy Code Section 327, the Trustee may retain professionals to assist her "in carrying out the trustee's duties" under Title 11.

The Trustee also argues that the Debtor does not have a substantial possibility of success

on these appeals because she did not meet the requirement to designate the records on appeal for the Broker, Accountant, and Management Agent Orders by the applicable deadline of September 6, 2010.[3]

The Retention Orders will be reviewed under an abuse of discretion standard, as provided by Bankruptcy Code Section 1104.  As described above, each of the professionals that the Trustee has retained – after notice, a hearing, the consent of the United States Trustee, and this Court's approval – is providing services to the Chapter 11 estate that are both necessary and appropriate.  The Retention Orders were based on the Court's findings that the retention of each of these professionals was in the best interests of the estate and its creditors.  The Debtor has not come forward with persuasive evidence or argument to show that this Court erred or abused its discretion in entering these orders.

For these reasons and based on the entire record, the Court finds that this factor weighs against granting stays pending appeal of the Retention Orders.

<u>The Impact on the Public Interest</u>

The Debtor does not directly address the final factor, which is the impact of the stays that she seeks on the public interest.  She argues in substance that the public interest will not be injured by a stay pending appeal of the Retention Orders, because they impose unnecessary costs and burdens on the Chapter 11 estate.

The Trustee states that in a bankruptcy case, the paramount consideration in assessing the

---

[3] The record suggests that the Debtor's notice of appeal of the Special Counsel Order is untimely.  Bankruptcy Rule 8002 provides that an appeal must be taken within 14 days of the entry of the order.  The Special Counsel Order was entered on August 25, 2010, and the Debtor, *pro se*, filed her notice of appeal in the Bankruptcy Court on September 20, 2010, some 26 days later.

impact on the public interest is the effect on creditors, and argues that creditors stand to benefit the most from the services being provided by the retained professionals in this case.

The interests of creditors are a significant determinant of the public interest in a bankruptcy case. It is plain from the long and contentious history of this case, as well as from the administrative requirements that the Trustee must satisfy, that the services of each of the Trustee's retained professionals will promote the efficient administration of this Chapter 11 estate. And that, in turn, will promote the interests of creditors, parties in interest, and the public interest.

But that is not the only metric of the public interest presented by the record. The public interest is also promoted by effective case management by this Court. Here, each of the Retention Orders was entered following notice and an opportunity to be heard, and each of the Debtor's objections was heard, considered, and weighed before the order was entered. The entry of those orders reflects the Court's judgment that the professionals to be retained will assist the Trustee to fulfill her duties to the Chapter 11 estate. The law permits the stay pending appeal of an order where the high standards for a stay are met. But where, as here, those standards are not met, a stay pending appeal would injure the interests of sound case management in the bankruptcy process, and as a consequence, would also injure the public interest.

For these reasons and based on the entire record, the Court finds that this factor weighs against granting stays of the Retention Orders.

The Court has considered all of the other requests for relief made by the Debtor in the Stay Applications, and based on the entire record, concludes that they are without merit.

## **Conclusion**

For the reasons stated herein, and based on the entire record, the Stay Applications are denied. The Court will enter appropriate orders simultaneously herewith.

Dated: Brooklyn, New York
October 1, 2010

                ***s/Elizabeth S. Stong***
                HONORABLE ELIZABETH S. STONG
                UNITED STATES BANKRUPTCY JUDGE