UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:                                                                    Chapter 11
                                                                                Case No. 08-44210
     CHANA TAUB,

           Debtor.

-----------------------------------------------------------x

# **MEMORANDUM DECISION ON MOTION FOR SANCTIONS**

Appearances:

| | |
|---|---|
| David Bellon, Esq. | Leo Fox, Esq. |
| 157-51 26th Avenue | Law Offices of Leo Fox |
| Flushing, NY 11354 | 630 Third Avenue |
|   *Attorney for Chana Taub* | New York, NY 10017 |
| |   *Attorney for Simon Taub* |
| | |
| Ronald Friedman, Esq. | Rosemarie Matera, Esq. |
| SilvermanAcampora LLP | Kurtzman Matera PC |
| 100 Jericho Quadrangle, Suite 300 | 664 Chestnut Ridge Road |
| Jericho, NY 11753 | Spring Valley, NY 10977 |
|   *Attorney for Chapter 11 Trustee* |   *Attorney for Esther Newhouse* |
|     *Lori Lapin Jones* | |

Alicia Leonhard, Esq.
Office of the United States Trustee
271 Cadman Plaza East (Suite 4529)
Brooklyn, NY 11201
  *Office of the United States Trustee*

**HONORABLE ELIZABETH S. STONG**
**UNITED STATES BANKRUPTCY JUDGE**

Chana Taub, the Debtor in this Chapter 11 bankruptcy case, seeks the imposition of sanctions against Lori Lapin Jones, the Chapter 11 Trustee. The Debtor argues that the Trustee should be sanctioned for, among other reasons, failing to discharge her fiduciary obligations in managing the estate, violating Court orders, and seeking to convert this case to one under Chapter 7. The Debtor also asks the Court to withhold compensation, including fees and expenses, to the Trustee and her retained professionals. For the reasons set forth below, the Debtor's motion is denied.

## Jurisdiction

This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(2)(A).

## Background

The history of this case has been recounted often in decisions of this Court, and familiarity with these long and contentious proceedings is assumed. *See*, *e.g.*, *Taub v. Taub (In re Taub)*, 427 B.R. 208, 214-15 (Bankr. E.D.N.Y. 2010), *aff'd sub nom. Taub v. Adams,* 2010 U.S. Dist. LEXIS 104805 (E.D.N.Y. Aug. 31, 2010); *In re Taub*, 421 B.R. 37, 40-41 (Bankr. E.D.N.Y. 2009); *Taub v. Taub (In re Taub)*, 413 B.R. 81, 85-86 (Bankr. E.D.N.Y. 2009). And this is not the first motion brought by the Debtor seeking sanctions against the Trustee.

Briefly, this case has been pending since July 1, 2008, when the Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor administered the case as a debtor-in-possession until the Court directed the United States Trustee to appoint a trustee for the Debtor's estate and, shortly thereafter, on April 13, 2010, entered an Order approving the selection of Lori Lapin Jones as Trustee for the Debtor's Chapter 11 estate.

*The First Sanctions Motion*

On August 5, 2010, the Debtor, while represented by her prior counsel David Carlebach, filed *pro se* an application in support of a motion for sanctions against the Trustee pursuant to Bankruptcy Rule 9011. The grounds for the motion were, in substance, that the Trustee failed in her fiduciary duty to administer Debtor's estate by mismanaging estate assets, violating court orders, and filing a motion to convert the Debtor's case to a Chapter 7 liquidation. The Debtor argued that the Trustee's "misconduct and abuse of power" merited sanctions under Rule 9011. Docket No. 660 ¶ 7.

The Trustee filed opposition to the motion on August 10, 2010, and argued, among other things, that the Debtor's request for sanctions should be denied because the motion was not properly served on the Trustee or her professionals and because the Debtor did not comply with the safe harbor provisions of Rule 9011. The Trustee also argued that to the extent that the Debtor's motion amounted to an objection to the Trustee's retention of professionals, it was not timely.

The Court held a hearing on the motion on August 12, 2010, at which the Debtor, *pro se*, and the Trustee, by counsel, appeared and were heard. The Debtor, again acting *pro se*, filed a notice of withdrawal of the first motion for sanctions on August 17, 2010, and by Order entered on August 19, 2010, the Court deemed the motion withdrawn.

*The Second Sanctions Motion*

On August 17, 2010, the same day that she withdrew her first motion for sanctions against the Trustee, the Debtor, no longer represented by counsel, filed *pro se* a second motion for sanctions. The Debtor's grounds for relief were substantially the same as those underlying

her first motion. The Debtor also asked the Court to remove the Trustee pursuant to Bankruptcy Code Section 1105 and to restore her to possession and management of the estate.

The Trustee filed opposition to the motion on August 23, 2010, and argued, among other things, that the Debtor's request for sanctions should be denied because Rule 9011 requires a motion for sanctions to be made separately from other requests for relief. She also argued that the Debtor's sanctions request should be denied because the Debtor did not comply with the safe harbor provisions of Rule 9011.

The Court held a hearing on the motion on August 24, 2010, at which the Debtor, *pro se*, the Trustee, the United States Trustee, Simon Taub, and Esther Newhouse, by their respective counsel, appeared and were heard, and the Debtor withdrew her motion without prejudice.

*The Third Sanctions Motion*

On September 7, 2010, the Debtor filed this motion, which is her third request for sanctions against the Trustee. She seeks sanctions:

> [I]n the amount of all damages incurred by the Debtor as a result of the Chapter 11 Trustee's deliberate violation of her obligations to discharge her fiduciary duties as a Chapter 11 Trustee in administering the estate and reorganiz[ing] under Chapter 11 . . . including costs, expenses [and other professional] fees . . . .

Docket No. 724 at 1. The Debtor also seeks an order directing the estate not to pay the Trustee or her retained professionals. On September 23, 2010, the Trustee filed an objection to the Debtor's motion. The Court held a hearing on the motion on September 27, 2010, at which the Debtor, represented by her newly-retained counsel, David Bellon, and also addressing the Court *pro se*, and the Trustee, by counsel, appeared and were heard on this and other matters, and this motion was marked submitted on consent.

The Debtor advances several arguments in support of her request for relief. Some

3

concern the Debtor's objections to the Trustee's performance of her duties.  The Debtor argues that this Court appointed the Trustee to act as a disinterested fiduciary, and she has not done so.  Others concern the Debtor's objections to the Trustee's motion to convert this case to one under Chapter 7.  The Debtor argues that the Trustee abandoned her disinterested fiduciary role when she sought to convert this case to one under Chapter 7 within a month of her appointment.  And the Debtor states that the Trustee's motion to convert shows that she never intended to discharge her fiduciary duties or pursue the reorganization of this estate.

*The Debtor's Objections to the Trustee's Performance of Her Duties*

The Debtor argues that the Trustee is not pursuing certain claims that belong to the estate, upon which the Debtor asserts the estate would surely prevail.  In particular, the Debtor argues that the Trustee is not pursuing the estate's claims for mortgage arrears and unpaid rent against her estranged husband Simon Taub, and has aligned the estate's interests with his.  And she argues that the Trustee is not pursuing claims against certain tenants for unpaid rent, including by agreeing to the dismissal of an eviction proceeding and by negotiating arrearage amounts to be paid.

In addition, the Debtor argues that the Trustee has engaged in gross mismanagement and waste.  The Debtor asserts that it is "ludicrous" for a "tiny estate" to require the services of the various professionals retained by the Trustee pursuant to Orders of this Court, including bankruptcy counsel, landlord-tenant counsel, an accountant, a real estate broker, and a property manager.  Docket No. 724 ¶ 40.  The Debtor states that these professionals are costly and unnecessary, and contends that they were retained by the Trustee as part of her scheme to convert this Chapter 11 case to one under Chapter 7.  The Debtor also argues that while the

estate accrues additional unproductive administrative costs, the estate's properties are falling into disrepair. And the Debtor asserts that the Trustee has not paid important administrative expenses of the estate.

The Debtor further argues that the Trustee is permitting Simon Taub to manage the estate in violation of relief granted by this Court in *Taub v. Taub*, Case No. 08-1170. In that action, this Court directed Simon Taub and his agents not to interfere with the management of properties titled in the Debtor's name, to turn over and account for rent collected from those properties, and to pay fair market rent to the estate for an apartment that he occupies in one such property. The Debtor contends that the Trustee gave access to a property titled in the Debtor's name to Simon Taub's sisters who, acting as his agents, showed vacant apartments to prospective tenants.

*The Debtor's Objections to the Trustee's Motion to Convert*

The Debtor argues that the Trustee's motion to convert this case warrants the imposition of sanctions because it lacks a factual or evidentiary basis  The Debtor also argues that events that occurred prior to the Trustee's appointment cannot be a basis for conversion to Chapter 7. The Debtor asserts that the Trustee cannot look to unpaid administrative expenses or the Debtor's retention of several different lawyers to show "gross mismanagement" of the estate because these are among the reasons that the Court appointed a trustee. Docket No. 724 ¶ 59. And the Debtor states that the Trustee's assertions as to the Debtor's improper use of funds in the debtor-in-possession account, her failure to turn over rental income collected from a property titled in her name, and her failure to pay certain property taxes, are frivolous and do not support the conversion of this case.

The Debtor also argues that the substantial and continuing diminution of the estate cannot

5

be a basis for the Trustee's conversion motion because the Trustee has not pursued claims against Simon Taub or made a good faith effort to collect the rent.  The Debtor contends that the Trustee cannot rely on her own failure adequately to manage the estate as grounds to seek conversion.  According to the Debtor, the Trustee should be sanctioned because her pursuit of her own agenda has led to the continuing diminution of the estate, in violation of this Court's Orders and mandate to administer the estate.

*The Trustee's Opposition*

The Trustee opposes the Debtor's motion for sanctions on several grounds.  She argues that the motion does not comply with Rule 9011 because it does not specifically describe the conduct that violates the Rule.  She also argues that it is procedurally defective because the Debtor did not comply with the twenty-one day safe harbor provisions of the Rule.  The Trustee argues that many of the grounds advanced by the Debtor are in the nature of opposition to the Trustee's motion to convert the case to one under Chapter 7, rather than grounds for the imposition of sanctions.  And she notes that the Debtor's time to object to that motion has passed.

**Discussion**

Bankruptcy courts have the responsibility to oversee the conduct of parties and counsel appearing before them, through the tools provided by Rule 9011 and pursuant to their inherent authority to manage and oversee the matters that come before them.  *See, e.g., Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986), *cert. denied*, 480 U.S. 918 (1987); *In re Ambotiene*, 316 B.R. 25, 35-36 (Bankr. E.D.N.Y. 2004).

*Sanctions Under Bankruptcy Rule 9011*

Rule 9011(c) provides a mechanism for a court to impose sanctions against attorneys who are found to have violated Rule 9011(b)'s affirmative duty not to "fil[e], submit[], or later advocat[e]" a position set forth in a written document for an "improper purpose" or a position without "evidentiary support." FED. R. BANKR. P. 9011(b).

Rule 9011, like its counterpart Federal Rule of Civil Procedure 11, plays an important role in maintaining the professionalism of the bar and the integrity of court processes. That role is best effectuated when the Rule is invoked sparingly, and "[a] request for sanctions under Rule 11 is not a tactical device." *Nakash v. U.S. Dep't of Justice*, 708 F. Supp. 1354, 1370 (S.D.N.Y. 1988). As this Court has observed:

> Rule 9011 serves the purpose of assuring courts and litigants that motions, pleadings, and other written submissions signed by an attorney bear the attorney's certification that he or she has acted in a manner that is objectively professional and reasonable under the circumstances.

*Ambotiene*, 316 B.R. at 34.

Requests for sanctions should not be made lightly. In some circumstances, courts respond to sanctions motions not only by denying the relief requested, but also by imposing sanctions *sua sponte* on the moving party. As one court observed:

> Allowing adversaries an unrestricted ability to initiate a process in which competent attorneys must justify, under the threat of sanctions, actions taken in good faith, does not serve the purposes of Rule 11. The Rule was intended to reduce, rather than contribute to, such abuse of the legal system. That is why requests for sanctions must be treated seriously and controlled appropriately.

*Nakash*, 708 F. Supp. at 1370.

Notice is an essential part of Rule 9011's operation. As the Second Circuit has observed, "[t]he 'notice' and 'reasonable opportunity to respond' requirements of Rule 9011(c) reflect the importance of according fair procedural protections to an attorney or other party facing

7

sanction." *Klein v. Wilson (In re Highgate Equities, Ltd.)*, 279 F.3d 148, 152 (2d Cir. 2002). The court also held that any "'sanctioned attorney must receive *specific notice of the conduct alleged to be sanctionable* and the standard by which that conduct will be assessed, and an opportunity to be heard on that matter.'" *Highgate Equities*, 279 F.3d at 152 (quoting *Nuwesra v. Merrill Lynch, Fenner & Smith, Inc.*, 174 F.3d 87, 92 (2d Cir. 1999)).

Rule 9011 also provides an opportunity for an attorney to withdraw a filing that offends the rule through a safe harbor provision. This provision, which was added to Rule 9011 in 1997, like its counterpart added to Rule 11 in 1993, provides that a motion for sanctions may not be filed until twenty-one days after it is served, so that the other party has the opportunity to withdraw or amend the challenged paper. FED. R. BANKR. P. 9011(c)(1)(A). *See* FED. R. CIV. P. 11 advisory committee's note (1993). The safe harbor provision is intended to "remedy problems that have arisen in the interpretation and application of the 1983 version of the rule" and to "reduce the number of motions for sanctions presented to the court." FED. R. CIV. P. 11 advisory committee's note (1993). *See* 10 COLLIER ON BANKRUPTCY ¶ 9011.02 at 9011-5 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2010).

The consequences of failure to comply with the safe harbor provisions are significant. As one court found, a party's failure to serve a motion for Rule 11 sanctions before filing it with the court deprived opposing counsel of the "safe harbor" opportunity and "preclud[ed] the imposition of Rule 11 sanctions . . . ." *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1996).

In determining whether an attorney filed papers for an improper purpose, courts apply an objective standard and consider whether there was an objectively reasonable basis for the claim at the time that it was made. *Calloway v. Marvel Entm't Grp.*, 854 F.2d 1452, 1470 (2d Cir.

1988). In applying the objective test, the court "may infer the purpose of a filing from the consequences of [the filing]." 10 COLLIER ON BANKRUPTCY ¶ 9011.04[8][c] at 9011-12. And any ambiguity as to whether the basis for assertions in papers are objectively reasonable must be resolved in favor of the non-filing party and against the party seeking Rule 9011 sanctions. *Oliveri,* 803 F.2d at 1275.

Rule 9011 imposes "an affirmative duty on attorneys and litigants to make a reasonable investigation (under the circumstances) of the facts and the law before signing and submitting any petition, pleading, motion or other paper." 10 COLLIER ON BANKRUPTCY ¶ 9011.04[2][a] at 9011-7. *See Mount Vernon Fire Ins. Co. v. Valencia*, *ex rel. Viruet,* 1993 WL 13150704, at *4 (E.D.N.Y. Aug. 6, 1993) (attorney is required "to make an objectively reasonable inquiry"). But Rule 9011 is not intended to chill zealous and professional advocacy. As the Second Circuit has noted, an attorney may not be sanctioned if a reasonable factual basis for the claim existed at the time the attorney signed the papers and "where an attorney has an objectively reasonable basis to pursue a factual claim." *Calloway*, 845 F.2d at 1470.

Here, the record does not show that the Debtor served this motion on the Trustee twenty-one days before filing it on September 7, 2010. That is, the Debtor did not comply with the safe harbor provision of Rule 9011. For this reason alone, the Debtor's request for sanctions under Rule 9011 must be denied.

But even if the Debtor had complied with Rule 9011's safe harbor provision, the record shows that she has not established that the Trustee's motion to convert this case to one under Chapter 7 is sanctionable under Rule 9011, for several reasons. A trustee has wide latitude to employ her business judgment in the management of a case. The Debtor has not established that

9

the Trustee filed papers or otherwise performed her duties for an improper purpose, such as to harass or to cause unnecessary delay, or needlessly to increase the cost of litigation. Nor has the Debtor shown that the Trustee's arguments and contentions in the motion to convert were based on an inadequate investigation, or lack evidentiary support. And plainly, disagreement with a position espoused by a party does not render that position sanctionable.

*Sanctions Under the Court's Inherent Authority*

Courts have the inherent authority to sanction misconduct and abuse of the legal system by parties appearing before them. As the Second Circuit has observed:

> Even though the subject of sanctions is a distasteful one for any court, increasing tensions in and occasional abuses of the judicial system have prompted both judges and legislators to turn toward sanctions as a means of improving the litigation process. . . . [T]he sources of judges' sanctioning power are diverse, and the standards invoked have not always been either clear or consistently applied.

*Oliveri*, 803 F.2d at 1275.

Here, the record shows that the Debtor has not established a basis for an award of sanctions against the Trustee under the Court's inherent authority. While the Debtor vehemently objects to the manner in which the Trustee has performed her duties, she has not shown that the Trustee has failed to satisfy her fiduciary duties to the estate, failed to exercise her business judgment in managing the estate's affairs, or engaged in gross mismanagement or waste. Nor has the Debtor shown that the Trustee's retention of professionals is a basis for sanctions. Indeed, each of those retentions was approved after notice and a hearing by this Court. And similarly, the Debtor has not established that it is appropriate to order the estate not to pay those professionals their fees and expenses. And in all events, compensation to the Trustee or her professionals will be paid only after notice, a hearing, and approval by this Court.

The Court has considered all of the other arguments advanced by the Debtor, and concludes that they are without merit.

### Conclusion

For the reasons stated herein, and based on the entire record, the Debtor's motion for an award of sanctions against the Trustee is denied. The Court will enter an appropriate order simultaneously herewith.



Dated: Brooklyn, New York  
December 1, 2010

_____  
Elizabeth S. Stong  
United States Bankruptcy Judge