UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:                                                                  Chapter 11
                                                                              Case No. 08-44210-ess
      CHANA TAUB,

                 Debtor.
------------------------------------------------------------x

# MEMORANDUM DECISION ON
# MOTION TO TERMINATE THE APPOINTMENT OF THE CHAPTER 11 TRUSTEE

Appearances:

David Bellon, Esq.
157-51 26th Avenue
Flushing, NY 11354
  *Attorney for Chana Taub*

Leo Fox, Esq.
Law Offices of Leo Fox
630 Third Avenue
New York, NY 10017
  *Attorney for Simon Taub*

Ronald Friedman, Esq.
SilvermanAcampora LLP
100 Jericho Quadrangle
Suite 300
Jericho, NY 11753
  *Attorney for Chapter 11 Trustee
     Lori Lapin Jones*

Rosemarie Matera, Esq.
Kurtzman Matera PC
664 Chestnut Ridge Road
Spring Valley, NY 10977
  *Attorney for Esther Newhouse*

Alicia Leonhard, Esq.
Office of the United States Trustee
271 Cadman Plaza East (Suite 4529)
Brooklyn, NY 11201
  *Office of the United States Trustee*

**HONORABLE ELIZABETH S. STONG**
**UNITED STATES BANKRUPTCY JUDGE**

Chana Taub, the Debtor in this Chapter 11 bankruptcy case, seeks the entry of an order terminating the appointment of Lori Lapin Jones, the Chapter 11 Trustee, and for an accounting of the Trustee's fees and expenses as well as those of her retained professionals. The Debtor also asks to be returned to debtor-in-possession status, and for any other relief that seems appropriate to this Court. For the reasons set forth below, the Debtor's motion is denied.

## Jurisdiction

This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(2)(A).

## Background

This Court has written extensively on the proceedings in this case, and familiarity with these proceedings is assumed. *See, e.g.*, *Taub v. Taub (In re Taub)*, 427 B.R. 208, 214-15 (Bankr. E.D.N.Y. 2010), *aff'd sub nom. Taub v. Adams*, 2010 U.S. Dist. LEXIS 104805 (E.D.N.Y. Aug. 31, 2010); *In re Taub*, 421 B.R. 37, 40-41 (Bankr. E.D.N.Y. 2009); *Taub v. Taub (In re Taub)*, 413 B.R. 81, 85-86 (Bankr. E.D.N.Y. 2009). This is the fourth time that the Debtor has sought to have the Trustee removed, either pursuant to Bankruptcy Code Section 1105 or otherwise.[1]

Briefly, this case has been pending since July 1, 2008, when the Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor administered the case as a debtor-in-possession until this Court directed the United States Trustee to appoint a trustee for

---

[1] Other parties in interest have also sought to remove the Trustee. The Court denied Soya Radin's motion to remove the Trustee by Order entered on July 1, 2010. And the Court denied Esther Newhouse's motion to remove the Trustee by Order entered on July 1, 2010.

the Debtor's estate and, shortly thereafter, entered an Order approving the appointment of Ms. Jones as Chapter 11 Trustee. That order was affirmed on August 30, 2010. *Taub v. Adams,* 2010 U.S. Dist. LEXIS 104805.

*The First Motion To Terminate the Trustee's Appointment*

On June 15, 2010, the Debtor, by her then-counsel David Carlebach, filed a motion for an order pursuant to Bankruptcy Code Section 1105, terminating the Trustee's appointment and restoring the Debtor to possession and management of the property of the estate and operation of the business. In addition, the Debtor sought an immediate accounting of the fees and expenses incurred by the Trustee and her professionals, and for any other relief the Court deemed to be appropriate.

In substance, the Debtor argued that the Trustee had breached her fiduciary duties by failing to pursue claims and enforce orders entered against Simon Taub, and failing to pursue certain tenants for non-payment of rent. The Debtor complained that "[e]ven with[] expensive counsel," the Trustee was not administering the estate. Docket No. 598 ¶ 7. And the Debtor argued that the Trustee had "effectively aligned herself" with Simon Taub's interests, in breach of her fiduciary duties to all of the creditors of the estate. Docket No. 598 ¶ 8. Accordingly, the Debtor asked the Court to undo the "improvident[]" appointment of the Trustee, and "restore her to debtor in possession, for the benefit of the estate and its creditors." Docket No. 598 ¶ 9.

The Trustee opposed the motion and argued, among other things, that the need for a trustee had not changed, and that relief under Bankruptcy Code Section 1105 was not warranted. The United States Trustee and Pnina Kaufman also opposed the motion.

The Court held a hearing on the motion on June 29, 2010, at which the Debtor, by her

counsel Mr. Carlebach, the Trustee, the United States Trustee, Esther Newhouse, Pnina Kaufman, and Simon Taub, by their respective counsel, and Soya Radin, *pro se*, appeared and were heard. By Order entered on July 1, 2010, the Court denied without prejudice the Debtor's motion to remove the Trustee.

*The Second and Third Motions To Terminate the Appointment of the Trustee*

On August 5, 2010, the Debtor, still represented by counsel, filed a motion *pro se* for sanctions against the Trustee pursuant to Bankruptcy Rule 9011, and to terminate the Trustee's appointment and restore her to debtor-in-possession status. By Order dated August 13, 2010, Mr. Carlebach was permitted to withdraw as Debtor's counsel. On August 17, 2010, the Debtor filed a notice withdrawing her motion without prejudice, and the motion was deemed withdrawn by Order entered on August 19, 2010.

On August 17, 2010, the Debtor, *pro se*, filed another motion seeking sanctions against the Trustee, to terminate the Trustee's appointment and restore her to debtor-in-possession status, and for a stay of the proceedings until the motion was decided. The Trustee opposed the motion and argued, among other things, that it should be denied as a collateral attack on the order directing her appointment, and also as "duplicative, frivolous, harassing, and a drain on the estate's resources." Docket No. 701 ¶ 3. The Court heard the motion on August 24, 2010, at which the Debtor, *pro se*, the Trustee, the United States Trustee, Esther Newhouse, Pnina Kaufman, and Simon Taub, by their respective counsel, appeared and were heard. The Debtor withdrew the motion without prejudice.

*The Fourth Motion to Terminate the Trustee's Appointment*

On September 7, 2010, the Debtor, *pro se*, filed this motion to terminate the Trustee's

appointment.  Proceeding by application for the entry of an order to show cause, the Debtor's grounds for relief are substantially the same as those underlying her first Bankruptcy Code Section 1105 motion, as well as those set forth in her motions seeking sanctions and the Trustee's removal that were withdrawn.  The Debtor again asks the Court to terminate the Trustee's appointment and to restore her to possession and management of the estate.  She cites as additional grounds for relief the Trustee's "unwarranted 'acrimony' and combativeness" toward her, in violation of the Trustee's mandate to act as a fiduciary of the estate and "her obligation to cooperate with the Debtor."  Docket No. 725 ¶ 36.

The Debtor advances several arguments in support of her request to remove the Trustee.  First, the Debtor states that the Trustee has failed to discharge her fiduciary duties as mandated by this Court, to the detriment of the estate.  The Debtor contends that the Trustee has "battled" with her, instead of pursuing the estate's valuable claims against Simon Taub.  Docket No. 725 ¶ 3.  The Debtor also states that the Trustee has failed to pursue the collection of other income owed to the estate, including back rent owed by some tenants.  And the Debtor argues that the estate's administrative expenses would be substantially reduced if the Trustee enforced Simon Taub's obligation to pay the mortgage on the marital residence.  The Debtor contends that these circumstances demonstrate the improvident appointment of the Trustee and amount to grounds for removal under Bankruptcy Code Section 1105.

In addition, the Debtor repeats her argument that "[e]ven with [] expensive counsel[], the Chapter 11 Trustee has not even attempted to administer the estate . . . ."  Docket No. 725 ¶ 7.  The Debtor also argues that the Trustee has aligned herself with Simon Taub, in breach of her fiduciary responsibilities to the estate and all creditors, and contrary to the "mandate to operate

4

the estate for the purpose of reorganization under Chapter 11." Docket No. 725 ¶ 8.

And the Debtor objects to the Trustee's motion to convert, stating that it is baseless, prematurely made, proves the Trustee's lack of good faith in discharging her fiduciary duties, and demonstrates that her appointment was improvident and is no longer warranted. The Debtor seeks an immediate accounting and contends that this will demonstrate that she can administer the estate and collect claims "at a fraction of the [Trustee's] cost," and that the estate and its creditors will benefit if she is restored to debtor-in-possession status. Docket No. 725 ¶ 13.

The Trustee opposes this motion and argues, among other things, that the Debtor's request to terminate her appointment should be denied as yet "another collateral attack on her appointment." Docket No. 740 ¶ 3. The Trustee also notes that requests by the Debtor and other parties in interest for the Trustee's removal under Section 1105 have been denied or withdrawn, and that this motion, part of "the deluge of litigation commenced by the Debtor[,]" imposes a heavy burden "on the estate's limited resources." Docket No. 740 ¶ 3.

The Court heard this motion on September 27, 2010, at which the Debtor, represented by newly-retained counsel David Bellon, who is the ninth counsel to appear for the Debtor, the Trustee, the United States Trustee, Esther Newhouse, and Simon Taub, by their respective counsel, appeared and were heard, and the motion was marked submitted on consent.

## Discussion

Bankruptcy Code Section 1105 authorizes the court to terminate a trustee's appointment, but the section is silent as to when that relief may be appropriate. Section 1105 provides:

> At any time before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court may terminate the trustee's appointment and restore the debtor to possession and management of the property of the estate and of the operation of the debtor's business.

5

11 U.S.C. § 1105.

As explained in the legislative history to Section 1105, the provision "would permit the court to reverse its decision to order the appointment of a trustee in light of new evidence." H.R. Rep. No. 95-595, at 403 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6359.  In other words, Section 1105 provides a tool for courts and parties in situations where there is a change in the need for a trustee.

One court observed that Section 1105 gives a court "maximum flexibility with respect to the management of the debtor's affairs during the pendency of the case." *In re Curlew Valley Assocs.*, 14 B.R. 506, 514 (Bankr. D. Utah 1981) (internal quotation marks omitted) (quoting 5 COLLIER ON BANKRUPTCY ¶ 1105.01 at 1105-1 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. 1980)).  Other courts have noted that Section 1105 gives a bankruptcy court "uncircumscribed power to terminate" a trustee's appointment.  *In re Clinton Centrifuge, Inc.*, 85 B.R. 980, 984 (Bankr. E.D. Pa. 1988) (quoting *In re Gen. Oil Distribs., Inc.*, 42 B.R. 402, 409 (Bankr. E.D.N.Y. 1984)).

But possessing the authority to terminate a trustee's appointment does not mean that courts freely exercise that power.  This is reflected in the careful and infrequent application of Section 1105.  A court may consider new evidence and determine that the appointment of a trustee was "improvidently" made.  5 COLLIER ON BANKRUPTCY ¶ 1105.02 at 1105-3 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2010).  A court may also terminate a trustee's appointment "'where conditions have changed subsequent to the court's order of appointment and the continued service by a trustee is not in the interests of creditors, equity security holders, and other interests of the estate.'"  *In re Curlew Valley Assocs.*, 14 B.R. at 514 (quoting 5

COLLIER ON BANKRUPTCY ¶ 1105.02 at 1105-3 (15th ed. 1980)). In either situation, terminating a trustee's appointment pursuant to Section 1105 is a "rare" occurrence which may be occasioned by the existence of "circumstances . . . that eliminate the reason for the trustee's appointment, in which case the court may acknowledge the change by restoring the status quo that existed before the trustee's appointment." 5 COLLIER ON BANKRUPTCY ¶ 1105.01 at 1105-2 (16th ed. 2010).

For example, in *In re Eastern Consol. Utils., Inc.*, 3 B.R. 591 (Bankr. E.D. Pa. 1980), the court terminated the trustee's appointment after the debtor retained experienced legal counsel and represented that he would comply with the Bankruptcy Code. *In re Eastern Consol.*, 3 B.R. at 593. And in *In re Clemente*, 409 B.R. 288 (Bankr. D.N.J. 2009), the court terminated the trustee's appointment based on the debtor's motion to convert the case to one under Chapter 7. *In re Clemente*, 409 B.R. at 295.

By contrast, in *In re Van Upp*, 2010 WL 2901634 (Bankr. N.D. Cal. July 19, 2010), the court denied the debtor's application to remove a trustee where the debtor did "not establish that [she was] any more likely to manage the bankruptcy estate properly at this date" than when the trustee was appointed. *In re Van Upp*, 2010 WL 2901634, at *2.

Disagreement with a trustee's business judgment is not sufficient evidence of an improvident appointment or changed circumstances. A bankruptcy court "'will not entertain objections'" to the trustee's management of the debtor's estate where the trustee's conduct involves her good faith business judgment, is made on a reasonable basis, and is "'within the scope of [the trustee's] authority under the Code.'" *United States ex rel. Peoples Banking Co. v. Derryberry (In re Hartley)*, 50 B.R. 852, 864 (Bankr. N.D. Ohio 1985) (quoting *In re Curlew*

*Valley*, 14 B.R. at 513).

<u>*Whether the Debtor Has Shown that the Trustee's Appointment Was Improvident*</u>

The Debtor asserts that "the Chapter 11 Trustee's complete lack of due diligence, and apparent lack of intention to reorganize the estate, shows that the decision [to appoint a trustee] was improvident." Docket No. 725 ¶ 93. She argues that the Trustee is unwilling to carry out her mandate, as shown by the timing of her motion to convert this case and her decisions not to commence or continue actions against Simon Taub and other tenants, and states that "[a]ll the [] Trustee has done is retain expensive professionals to battle the Debtor, instead of simply administer the estate on her own . . . ." Docket No. 725 ¶ 97.

The Debtor contends that she is more familiar with the estate than the Trustee, including the four properties titled in her name. She notes that she lives close to the estate's properties and can access them easily while the Trustee is relatively new to the case, is less familiar with the estate and its properties, and lives some distance from the properties. The Debtor also argues that now that this Court has directed Simon Taub and his agents not to interfere with the administration of this estate, she is able to undertake all of the tasks that the Trustee has shirked, and can do so "at minimal cost." Docket No. 725 ¶ 98.

Here, the record shows that since her appointment, the Trustee has acted within her business judgment in deciding which lawsuits to pursue, how to proceed with the collection of rent from tenants, and more generally, how to conduct the day-to-day operations of the estate. The Trustee's retention of professionals has been appropriate and each of those retentions was approved after notice and a hearing by this Court. The Trustee has filed monthly operating reports showing improved operating results and a positive balance greater than the amounts

shown before her appointment. And the volume of motion practice and other court proceedings has declined under the Trustee's stewardship of the estate.

*Whether the Debtor Has Shown Changed Circumstances*

The Debtor asserts that circumstances have changed "drastically" since the Trustee was appointed, and that her appointment is no longer warranted. Docket No. 725 ¶ 100. She points to this Court's Order restraining Simon Taub and his agents from interfering with the management of property of the estate as a significant change, and contends that this Order will enable her to manage the estate. She argues that instead of using the Order restraining Simon Taub to benefit the estate, the Trustee has violated it by allowing Simon Taub and his agents to control the estate.

The Debtor also argues that the Trustee's unexpected decision to align herself with the interests of Simon Taub, in violation of her obligation to act as a fiduciary to the estate and all of its creditors, amounts to changed circumstances. In addition, the Debtor contends that the real property held by the estate is deteriorating and that this, too, amounts to changed circumstances. The Debtor argues that when she managed the estate as a debtor-in-possession, she "conscientiously repaired and greatly improved" the properties. Docket No. 725 ¶ 100(c). But she states that since the Trustee was appointed, circumstances have changed for the worse and the properties have fallen into disrepair.

Here, the record shows that the Debtor has not established that changed circumstances warrant the termination of the Trustee's appointment. Viewed another way, the Debtor has not shown that restoring her to debtor-in-possession status is in the best interests of creditors and the estate. As noted above, since her appointment, the Trustee has acted within her business

9

judgment in the administration of the estate. The Debtor disagrees with how the Trustee has chosen to proceed, including in connection with pursuing the estate's claims against Simon Taub and in enforcing this Court's Order restraining him from interfering with the administration of the estate. But that disagreement is not the same as changed circumstances, and does not amount to a basis to remove the Trustee and return the Debtor to control of the estate.

Similarly, the Debtor faults the Trustee for aligning herself with Simon Taub and favoring him over other parties in interest. But the record does not show that the Trustee has done so. And the Debtor contends that the properties have fallen into disrepair since the Trustee's appointment. But here too, the record does not support this position. Neither of these arguments shows the changed circumstances necessary to terminate the Trustee's appointment.

The Court has considered all of the other arguments advanced by the Debtor, and concludes that they are without merit.

## Conclusion

For the reasons stated herein, and based on the entire record, the Debtor's motion to terminate the Trustee's appointment is denied. The Court will enter an appropriate order simultaneously herewith.



Dated: Brooklyn, New York
December 3, 2010

Elizabeth S. Stong
United States Bankruptcy Judge

10